## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01122-KLM

JANA DILLON JAMIESON,

    Plaintiff,

v.

HOVEN VISION, LLC,

    Defendant.

---

### LIEBOWITZ RESPONSE TO JUNE 3, 2020 ADVISORY NOTICE

---

Richard P. Liebowitz ("Liebowitz"), by his attorney Michael T. McConnell, respectfully submits the following response to the June 3, 2020 "Advisory Notice to Attorney and Court" and requests[1] the Court to clarify the status of Mr. Liebowitz as counsel for Plaintiff in light of the information provided herein.

1. On June 3, 2020, the Court entered the following:

   ADVISORY NOTICE TO ATTORNEY AND COURT: An Order of Disbarment was entered against RICHARD P. LIEBOWITZ by the Northern District of California. Under D.C.COLO.LAttyR 3(c), the clerk of this court shall make a notation in the court record of such lack of good standing and hereby informs counsel and the court of counsel's ineligibility to practice before the court. (Text Only Entry) (mfred) (Entered: 06/03/2020)

*Dkt #9 and #10 (same order entered twice).*

---

[1] Undersigned counsel acknowledges his responsibilities under D.C.COLO.LCivR 7.1(a). However, Liebowitz is responding herein to the "Advisory Notice to Attorney and Court" filed by the Court *sua sponte* that relates to Liebowitz's ability to practice in this Court and which only the Court can clarify. It does not appear the conferral requirement of D.C.COLO.LCivR 7.1(a) was intended to apply to the present circumstances.

2. **Liebotwitz' Status in U.S.D.C for the Northern District of California.**

   a. *Civil L.R. 11*[2] for the Northern District of California ("N.D.Calif.") defines the two ways in which attorneys are permitted to practice. One is to be admitted to the N.D.Calif. bar. *Civil L.R. 11-1*. Only lawyers licensed to practice law in the State of California are eligible to become members of the N.D.Calif. bar. *Civil L.R. 11-1(b)*. The second is to apply to appear in a particular case *pro hac vice*. *Civil L.R. 11-3*. Generally, California lawyers are not eligible to appear *pro hac vice*. *Civil L.R. 11-3(b)*.

   b. Liebowitz has never been licensed to practice law in the State of California. Consequently, Liebowitz has neither been eligible to be admitted to the N.D.Calif. bar nor actually admitted to the N.D.Calf. bar. *Exhibit 2, Liebowitz Declaration, ¶ 2*.

   c. Liebowitz has applied to appear *pro hac vice* in particular Northern District of California cases. *Exhibit 2, Liebowitz Declaration, ¶ 2*.

   d. In 2019, Judge James Donato of the United States District Court for the Northern District of California issued an order directing Liebowitz to show cause why his membership in the N.D.Calif. bar should not be terminated because he was not a member of the State of California bar. *Exhibit 3, Order of Disbarment*. Liebowitz' response to the show cause order was, unfortunately, confusing. *Exhibit 4, Response to Order to Show Cause*. Liebowitz pointed out he

---

[2] For the Court's convenience *N.D.Calif Civil L.R. 11* is attached as *Exhibit 1*.

appeared *pro hac vice* in particular cases but did not discuss the distinction between that and being admitted to the N.D.Calif. bar. On October 7, 2019, Judge Donato issued an "Order of Disbarment." *Id.* The "Order of Disbarment" is indisputably a misnomer because Liebowitz was never a member of the N.D.Calif. bar. The one-page "Order of Disbarment" did not find Liebowitz had committed any misconduct. *Id.* Nor did it address the *pro hac vice* appearances of Liebowitz. *Id.* Rather, Judge Donato restated a fact Liebowitz has never disputed, i.e. because he is not a member of the State of California bar, he is ineligible to be a member of the N.D.Calif. bar. *Id.* The text of Judge Donato's Order did not state Liebowitz was "suspended" or "disbarred." The text of Judge Donato's Order directed that Liebowitz be "removed from the membership roll of the bar of this Court." *Id.* But since Liebowitz had never applied to be admitted to the N.D.Calif., he should never have been placed on "the membership roll of the bar."

e. On October 21, 2019, Liebowitz filed a "Motion to Correct or Otherwise Vacate the Court's Order Dated October 7, 2019 Respecting Use of the Term 'Disbarment'." *Exhibit 5.* That Motion remains pending.

f. The process for attorney discipline in the N.D.Calif. is defined by *Civil L.R. 11-6.* Judge Donato's Order did not allege Liebowitz had committed "professional misconduct" or refer the matter to either the N.D.Calif. Standing Committee on Professional Conduct or the Chief Judge as provided by *Civil L.R. 11-6(a).*

3. D.C.COLO.LAttyR 3(c) states:

**Member in Good Standing.** An attorney admitted to the bar of this court must remain in good standing in all courts where admitted. <u>In good standing means not suspended or disbarred by any court for any reason</u>. An attorney whose suspension or disbarment has been stayed by order of the disciplining court prior to the effective date of the suspension or disbarment remains in good standing. An attorney who is not in good standing shall not practice before the bar of this court or continue to be an attorney of record in any pending case. On notice to this court of lack of good standing from the suspending or disbarring jurisdiction, or otherwise, the clerk of this court shall make a notation in the court record of such lack of good standing. (emphasis added)

4. Liebowitz respectfully submits that Judge Donato's October 7, 2019 Order should not be interpreted as a suspension or disbarment automatically revoking his membership to the bar of this Court under D.C.COLO.LAttyR 3(c). Liebowitz could not have been suspended or disbarred from the N.D.Calif. bar because he is ineligible under its criteria for membership, he never applied and he was never admitted.

5. With that said, Liebowitz acknowledges that legitimate concerns about his conduct and practices exist. *Exhibit 2, Liebowitz Declaration, ¶ 5*. On May 11, 2020, Magistrate Judge Neureiter issued a lengthy order detailing those concerns.[3] Magistrate Judge Neureiter: a) ordered Liebowitz to associate with an experienced Colorado-based IP litigator, b) ordered Liebowitz to file a "NOTICE OF ATTORNEY SANCTION" attaching his order in other pending U.S.D.C. of Colorado actions in which Liebowitz entered an appearance or which he files during the next six months, and c) filed a complaint with the Committee on Conduct. Liebowitz now recognizes Magistrate Judge Neureiter's Order is

---

[3] Dkt # 51, Case No. 1:19-cv-01437-CMA-NRN.

a wake-up call he needs to answer. Liebowtiz is not appealing Magistrate Judge Neureiter's Order.

6. Liebowitz will retain an experienced Colorado-based IP litigator to enter an appearance in the *Mondragon* case. Liebowitz intends to associate with an experienced Colorado-based IP litigator on all his Colorado cases as required or a period of at least a year. Liebowitz will file notices of Magistrate Judge Neureiter's Order in all his active Colorado cases and in cases he files in the next six months. Liebowitz has until July 24, 2020 to respond to the Committee on Conduct. Liebowitz is working with ethics counsel and law practice professionals to formulate a comprehensive plan to correct the problems discussed in Magistrate Judge Neureiter's Order and to present that plan to the Committee on Conduct. *Exhibit 2, Liebowitz Declaration, ¶ 5.*

7. Liebowitz respectfully requests he be provided the opportunity and due process afforded by Magistrate Judge Neureiter's Order and D.C.COLO.LAttyR 6 to attempt to address and correct his deficiencies.

WHEREFORE, Richard P. Liebowitz requests the June 3, 2020 "Advisory Notice to Attorney and Court" based upon Judge Donato's October 7, 2019 Order be vacated or, in the alternative, that an Order be entered permitting him to represent his client herein.

DATED: June 9, 2020.

/s/ Michal T. McConnell
Michael T. McConnell
McCONNELL VAN PELT, LLC
4700 South Syracuse Street, Suite 200
Denver, Colorado 80237
Telephone No.:  (303) 480-0400
Facsimile No.:   (303) 458-9520
Email:   mike@mvp-legal.com

ATTORNEYS FOR RICHARD LIEBOWITZ

### CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on this 9th day of June, 2020, the foregoing **LIEBOWITZ RESPONSE TO JUNE 3, 2020 ADVISORY NOTICE** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel of record:

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
rl@liebowitzlawfirm.com
*Attorneys for Plaintiff*

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Ave.
New York, NY 10016
jmosking@foley.com
*Attorneys for Defendant*

/s/ Lindsay Gonzales
Lindsay Gonzales, Legal Assistant