### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01122-XXX-KLM

JANA DILLON JAMIESON,

    Plaintiff,

v.

HOVEN VISION LLC,

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND FOR SANCTIONS OR IN THE ALTERNATIVE TO STAY PENDING
RESOLUTION OF PLAINTIFF'S COUNSEL'S SUSPENSION FROM PRACTICING**

---

Pursuant to Fed.R.Civ.P. Rule 12(b)(2) and D.C.COLO.LCivR. 7.1(b), Defendant Hoven Vision LLC ("Hoven Vision" or "Defendant"), through counsel, respectfully moves to dismiss the Complaint for lack of personal jurisdiction and to award Defendant its attorney's fees.  Alternatively, Defendant requests that this matter be stayed in view of the Plaintiff's counsel's suspension from practice before this Court under D.C.COLO.LAttyR 3(c) as a result of his disbarment in the U.S. District Court for the Northern District of California.  Dkt. #9.

### INTRODUCTION

As set forth in the Complaint, Plaintiff resides in Hawaii, more than 3,000 miles from this forum.  Complaint ¶ 5.  Although the Complaint lacks any specific jurisdictional allegations concerning Hoven Vision, the complaint does allege that Hoven Vision is

1

based at 4901 Morena Blvd. Suite 801, San Diego, California 92117.  Complaint ¶ 6.  This is the address where Plaintiff served the Complaint.[1]  Declaration of Jeffrey Sehgal at ¶ 3.  Hoven Vision is indeed based in San Diego County, California, more than 1,000 miles from this Court.  *Id*.  The only allegation to support jurisdiction is that Hoven Vision transacts business here (Complaint ¶ 3), but there is no effort to elucidate any specific facts supporting general or specific jurisdiction, and as this Court has already determined (in a very similar case filed by Plaintiff's own attorney), this is insufficient to support general or specific jurisdiction.

Plaintiff fails to include any specific allegations that could support this Court's jurisdiction over Hoven Vision because those facts would demonstrate that, although this action is styled as one for copyright infringement, it is in fact merely a contract dispute. The parties began in 2015 to discuss an agreement concerning a handful of photographs Plaintiff voluntarily provided Hoven Vision to use on its website pursuant to that agreement. Sehgal Decl. at ¶ 4. That agreement was negotiated and performed between the parties located in Hawaii and California.  *Id*. at ¶ 5.  Any allegations concerning the parties' agreement would show no nexus to Colorado, and any business discussions concerning the parties' agreement took place far from Colorado.[2]  *Id*. at ¶¶ 4-6.  Likewise, any questions as to the scope of the parties' agreement would arise under the law of California or Hawaii.

---

[1] A review of the docket indicates that Plaintiff has not filed proof of service pursuant to Rule 4(l).
[2] To the extent there is any disagreement between the parties, it is merely a contract dispute involving less than $3,000 dollars, because Plaintiff inaccurately billed Hoven Vision for 8 high definition photographs, but delivered to Hoven Vision merely 3 such photographs and 2 low definition images. Sehgal Decl. at ¶¶ 3-12.  Because this is in fact merely a state law contract dispute, the Court also lacks subject matter jurisdiction, but that can be addressed at any time.

2

After filing the Complaint, Plaintiff's counsel (who was recently sanctioned by Magistrate Judge Reid Neureiter and characterized as "a clear and present danger to the fair and efficient administration of justice" – *See* Dkt. #13, Exhibit A, p. 2) was suspended from practice before this Court under D.C.COLO.LAttyR 3(c), based on his disbarment by the Northern District of California.  Dkt. #9.  Among other things, Judge Reid's Order made clear that Plaintiff's counsel's frivolous filing of supposed copyright infringement lawsuits throughout the country without meeting requirements of personal jurisdiction over the defendants that counsel sues, has reached a tipping point.  Accordingly, along with the dismissal of this Complaint, Hoven Vision's attorney's fees should be awarded to it.

## FACTUAL ALLEGATIONS

Plaintiff's Complaint alleges that Plaintiff is a photographer residing in Hawaii (Complaint ¶ 5), and that Hoven Vision, a San Diego, California based company (Complaint ¶ 6), infringed upon Plaintiff's copyrighted photographs by displaying those photographs on Hoven Vision's websites, catalogs, advertisements, and social media accounts (Complaint ¶¶ 10-11, 13).

Plaintiff alleges that this Court has personal jurisdiction over Defendant because "[u]pon information and belief" . . . "Defendant transacts business in Colorado."  Complaint ¶ 3.

## ARGUMENT

A.   <u>The Court Lacks Personal Jurisdiction Over Hoven Vision</u>

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Oaster v. Robertson*, 173 F. Supp. 3d 1150 (D. Colo. 2016)(citing *Behagen v. Amateur*

3

*Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir. 1984)). "The Court accepts the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true to determine whether the plaintiff has made a *prima facie* showing that the defendants are subject to the Court's personal jurisdiction." *Oaster*, 173 F. Supp. 3d at 1162 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)). Affidavits and other written materials may be considered by the Court. *Oaster*, at 1162 (citing *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1189 (D.Colo. 2004)).

"The exercise of personal jurisdiction over a non-resident defendant must satisfy the requirements of the forum state's long-arm statute as well as constitutional due process requirements." *Oaster*, at 1162 (citations omitted). Colorado's long-arm statute "is to be interpreted as extending jurisdiction of our state courts to the fullest extent permitted by the due process clause of the United States Constitution." *Oaster*, at 1162 (quoting *Mr. Steak, Inc. v. Dist. Court In & For Second Judicial Dist.*, 194 Colo. 519, 521, 574 P.2d 95 (1978)). Colorado's long-arm statute authorizes jurisdiction over a nonresident defendant if consistent with the due process clause of the Fourteenth Amendment. *Id.* Pursuant to the due process clause, personal jurisdiction may not be asserted over a party unless that party has sufficient "minimum contacts" with the state, so that the imposition of jurisdiction would not violate "traditional notions of fair play and substantial justice." *Id.* (citing *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

4

### 1. *No General Jurisdiction Over Hoven Vision*

General jurisdiction is appropriate only when a defendant has "continuous and systematic" general business contacts with the forum state.  The Court need only look to its own analysis in *Oaster* to find no general jurisdiction exists over Hoven Vision based on the allegations, or lack thereof, in the Complaint.  In *Oaster*, the plaintiff's "only allegation to this effect is the conclusory statement 'at all material times, [Defendant] did and continues to do business in Colorado.'" 173 F. Supp. 3d at 1163. The Court held that this statement could not demonstrate that the Court had jurisdiction over the defendant. *Id.*

Here, Plaintiff similarly makes only one conclusory statement about jurisdiction over Hoven Vision: "[u]pon information and belief" . . . "Defendant transacts business in Colorado."  Complaint ¶ 3.  As there is no mention anywhere else in the Complaint regarding any continuous or systematic general business contacts with Colorado, this conclusory, unsupported statement does not demonstrate that this Court has general jurisdiction over Hoven Vision.

### 2. *No Specific Jurisdiction Over Hoven Vision*

In order to have sufficient minimum contacts for specific personal jurisdiction, "the out-of-state defendant must have (i) purposefully directed activities at forum residents, and (ii) the litigation must result from alleged injuries that arise out of those forum-related activities." *Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, 898 F. Supp. 2d 1202, 1206-07 (D.Colo. 2012)(citations omitted). The touchstone of the minimum contacts analysis is "whether `the defendant's conduct and connection with the forum State are

5

such that he should reasonably anticipate being haled into court there.'" *Id.* at 1207 (citations omitted). The aim of the "'purposeful direction' doctrine has been said by the Supreme Court to [be to] ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id.* (citations omitted).

The Tenth Circuit explained that a defendant has "purposefully directed" its activities at Colorado or its residents when the defendant has (1) taken intentional tortious action, (2) that was expressly aimed at Colorado, (3) with the knowledge that the brunt of the injury from the action would be felt in Colorado. *Id.* (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008)).

Here, neither party is within a thousand miles of this Court. On its face, the Complaint is deficient because it alleges no basis to have sued here as there is no allegation that either Plaintiff or Defendant have any minimum contacts with this forum. The Complaint contains no allegations regarding any action taken by Hoven Vision that was expressly aimed at Colorado. Indeed, no discussion regarding the parties' agreement regarding the photographs took place in Colorado or was aimed at Colorado. Sehgal Decl. at ¶¶ 3-6. Nor is there any allegation that any harm alleged by Plaintiff was felt in Colorado. Accordingly, there is no specific personal jurisdiction over Hoven Vision and the Complaint should be dismissed.

B.   <u>Defendant Is Entitled To Attorneys' Fees Under the Copyright Act</u>

Section 505 of the Copyright Act permits a "prevailing party" to recover its reasonable attorney's fees. 17 U.S.C. § 505. "Before deciding whether an award of

6

attorney's fees is appropriate in a given case ... a court must determine whether the party seeking fees has prevailed in the litigation." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016).

Section 505 of the Copyright Act allows the court to "award a reasonable attorney's fee to the prevailing party as part of the costs." An award of attorney fees is a matter of the court's discretion, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994), and Section 505 "grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).

"There is no precise rule or formula for determining whether fees should be awarded, but the Supreme Court and Tenth Circuit have suggested consideration of the following nonexclusive factors: (1) frivolousness of [the] losing party's case; (2) improper or bad faith motivation of the losing party; (3) objective unreasonableness of [the] losing party's case (factual and legal components); and (4) the need in particular circumstances to advance considerations of compensation and deterrence." *Wood v. Cendant Corp.*, 504 F. Supp. 2d 1174, 1176 (W.D. Okla. 2007)(citing *Fogerty*, 510 U.S. at 535 n. 19; *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005)).

Here, all four factors set forth above weigh in favor of awarding Defendant its attorney's fees. Plaintiff's counsel has been admonished by several courts around the country, including the U.S. District Court of Colorado, for a myriad of reasons, including filing baseless copyright infringement cases where personal jurisdiction requirements are not met. *See* Dkt #13, Exhibit A, pp 16-18. Indeed Judge Neureiter specifically pointed

7

out in his order imposing sanctions on Mr. Liebowitz that:

> Thus, if Mr. Liebowitz were inclined to ignore the requirements of the venue statute and the constitutional limits on the exercise of personal jurisdiction, he could file almost any copyright lawsuit in the District of Colorado on behalf of any plaintiff against any defendant that he chooses. The burden would then fall on the defendant to appear in this Court and defend via a motion to dismiss, on pain of a default judgment. The cost of settling might well be lower than the cost of defending in an inappropriate venue.
>
> A recent review of the records of this Court shows that just last week, on May 5, 2020, Mr. Liebowitz filed in Colorado a new copyright infringement lawsuit, *Tekeshige v. Rich Broadcasting LLC*, No. 20-CV-01262-KLM (D. Colo.). Per that complaint, the plaintiff, Mr. Takeshige, is a professional photographer based in Japan. *Id.*, Dkt.#1 ¶ 5. The defendant, Rich Broadcasting, is alleged to be a limited liability company with a place of business in Idaho Falls, Idaho. *Id.* at ¶ 6. The *Tekeshige* complaint asserts, without any specificity, "that venue is proper in this District pursuant to 28 U.S.C. §1391(b)." As far as personal jurisdiction, the basis is limited to the statement that "[u]pon information and belief, the Court has personal jurisdiction over Defendant because Defendant transacts business in Colorado." *Id.* at ¶ 3. It should go without saying that the mere "transaction of business" in a state by a company headquartered elsewhere, without more, cannot form the basis for either general or specific personal jurisdiction. *See generally Daimler AG v. Bauman*, 571 U.S. 117 (2014).

Dkt. 13, Exhibit A, pp 17-18.

The allegation of personal jurisdiction in *Tekeshige*, is exactly the same as the baseless allegation here. And, as observed by Judge Neureiter, this statement cannot support either general or specific jurisdiction. *Id.*

Judge Neureiter further explained that the Southern District of New York also admonished Mr. Liebowitz's practice of filing cases in wrong jurisdictions as "frivolous,

8

4821-4938-5407.1

unreasonable, or groundless". *Id.* at pp. 18-19.

Mr. Liebowitz's practice of filing cases in improper jurisdictions with baseless allegations of personal jurisdiction over a defendant should be put to a halt. Should Plaintiff choose to withdraw her Complaint in an attempt to avoid sanctions being awarded to Hoven Vision as a "prevailing party", Mr. Liebowitz's frivolous and baseless filings may only continue if he is not further sanctioned. Although Hoven Vision is prepared to submit a more formal request documenting its legal costs to date under Rule 54(b), a finding that the pursuit of this lawsuit warrants imposition of sanctions is justified now.[3]

C. Alternatively, the Case Should Be Stayed Pending Resolution of Plaintiff's Counsel's Suspension

In the event that the Court does not dismiss this matter, Defendant requests that the Court stay the matter so that Plaintiff and her suspended counsel may resolve how Plaintiff intends to move forward with this matter. Although Mr. Liebowitz has retained new local counsel to represent him personally (Dkt. #11), under the current state of the case, Mr. Liebowitz is not permitted to continue representing his clients before this Court.

**CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed for lack of personal jurisdiction over Defendant Hoven Vision LLC, and Defendant respectfully requests that it be awarded its attorney's fees. In the alternative, Defendant respectfully requests that

---

[3] Although Hoven Vision has not moved under Rule 11, Plaintiff's assertion of jurisdiction does not appear to be well-grounded in fact or warranted by existing law, but does appear to serve an improper purpose of causing needless burden and expense to Defendant, by requiring it to defend a claim in a forum more than 1,000 miles from its only place of business – particularly at a time when travel is difficult or impossible. It also imposes a needless burden on this Court. Particularly taken together with Plaintiff's counsel's other cited violations of local practice, the Court does retain inherent powers to sanction such conduct.

9

the matter be stayed pending resolution of Plaintiff's counsel's status as suspended from practicing before this Court.

Dated: June 12, 2020

Respectfully submitted,

s/ *Coleman T. Lechner*
Coleman T. Lechner
Foley & Lardner LLP
600 17th Street, Suite 2020S
Denver, CO  80202
(720) 437-2000
clechner@foley.com

*Of Counsel*
Jonathan E. Moskin
Foley & Lardner LLP
90 Park Ave
New York, NY 10016
(212) 682-7474
jmoskin@foley.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020, I electronically filed the foregoing Motion to Dismiss and accompanying declaration of Jeffrey Sehgal with the Clerk of Court using the ECF system, which will electronically send notice to:

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza
Suite 305
Valley Stream, NY 11580-6111
516-233-1660
Email: RL@LiebowitzLawFirm.com

s/ *Coleman T. Lechner*
Coleman T. Lechner

10

4821-4938-5407.1