## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01122-XXX-KLM

JANA DILLON JAMIESON,

     Plaintiff,

 v.

HOVEN VISION LLC,

     Defendant.

---

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW PRIOR TO RESOLUTION OF DEFENDANT'S MOTION FOR SANCTIONS

---

     Defendant Hoven Vision LLC ("Hoven Vision" or "Defendant"), through counsel, respectfully submits its opposition to Plaintiff's counsel's (Richard Liebowitz, hereinafter "Liebowitz") withdrawal from this proceeding prior to the Court's resolution of Defendant's request for sanctions.  While Plaintiff has filed a notice of voluntary dismissal of this action, thus conceding the frivolousness of the assertion of jurisdiction in this forum,  Defendant's request that the Court dismiss the action but retain jurisdiction to decide the Motion for Sanctions.[1]

## BACKGROUND

     As set forth in Defendant's Motion to Dismiss the Complaint and in the Court docket

---

[1] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)(Court held that a plaintiff's voluntary dismissal of a complaint does not deprive the district court of jurisdiction to award sanctions based on the frivolousness of the complaint).

4814-9523-3474.2

and Minute Orders, Liebowitz was suspended from practice before this Court under D.C.COLO.LAttyR 3(c), based on his disbarment by the Northern District of California. Dkt. #9-15.

Liebowitz's pattern and practice of filing frivolous lawsuits with no basis, including with no basis to allege personal jurisdiction over a defendant in the relevant forum, has become widely known in Federal District Courts around the country. Indeed, a recent order by Judge Neureiter made clear that Liebowitz's frivolous filings of supposed copyright infringement lawsuits throughout the country without meeting requirements of personal jurisdiction over the defendants that counsel sues, has reached a tipping point. This case is, unfortunately, no different.

Here, Liebowitz's actions are particularly egregious given the Court's July 2, 2020 Order that Defendant respond by July 9, 2020, as to whether it objects to Liebowitz's motion to withdraw as counsel before the Court decides the motion for sanctions. Following the Court's July 2, 2020 Order, just four days later and on the day Plaintiff's response to Defendant's Motion to Dismiss was due, Plaintiff filed a notice to voluntarily dismiss the action without prejudice.

When faced with sanctions, Liebowitz seeks to have cases dismissed voluntarily in the hope that a Court will not sanction him. Defendant submits that this Court can sanction Liebowitz under Section 505 of the Copyright Act, and has the ability to sanction him pursuant to Rule 11 and the Court's inherent powers. Indeed, Plaintiff's withdrawal of her Complaint without even attempting to justify personal jurisdiction in this forum is confirmation Plaintiff or her counsel knew full well in filing suit here that there was no Rule

2

11 or other basis to assert personal jurisdiction.

If Liebowitz is not sanctioned, this pattern of filing abusive copyright infringement lawsuits in wrong jurisdictions will only continue.

## PROCEDURAL HISTORY

1. On April 21, 2020, Plaintiff filed her Complaint against Defendant.  Dkt. #1.

2. On May 22, 2020, the parties stipulated to an extension of time for Defendant to respond to the Complaint through and including June 12, 2020.  Dkt. #8.

3. On June 3, 2020, an Advisory Notice was entered informing Liebowitz of his ineligibility to practice before this Court due to an order of disbarment against him in the Northern District of California.  Dkt. #9 and #10.

4. On June 9, 2020, Liebowitz's own attorney entered an appearance and provided a response to the Advisory Notice.  Dkt. #11 and #12.

5. On June 12, 2020, the Court entered a Minute Order stating that "Mr. Liebowitz's response to the Advisory Notice shall be referred to the Committee on Conduct under D.C.COLO.LAttyR 3(d) and D.C.COLO.LAttyR 6(c)."  Dkt. #14.

6. On June 12, 2020, Defendant filed a Motion to Dismiss the Complaint and for Sanctions (hereinafter, the "Motion to Dismiss"). Dkt. #15.

7. On June 18, 2020, new counsel, Mr. Craig Sanders, entered an appearance on behalf of Plaintiff. Dkt. #16.

8. On June 18, 2020, Liebowitz filed a motion to withdraw as counsel. Dkt. #17.

9. On July 2, 2020, the Court entered a Minute Order "that, no later than July 9, 2020, Defendant shall file a Response indicating whether it opposes Mr.

3

Liebowitz's withdrawal prior to resolution of the Motion for Sanctions." Dkt. #18.

10. On July 6, 2020, Plaintiff filed a notice of voluntary dismissal of the case. Dkt. #19.

## ARGUMENT

### Liebowitz Should Not Be Permitted to Withdraw Prior to Resolution of Defendant's Motion for Sanctions

Liebowitz filed this Complaint on behalf of Plaintiff prior to the entry of the Order acknowledging his ineligibility to practice before this Court. That Liebowitz is currently ineligible to practice before the Court does not change the fact that he filed the Complaint in the wrong court and without a non-frivolous basis. There is simply no basis for this lawsuit to have been filed with this Court as neither party has any connection to Colorado, and the Court does not have personal jurisdiction over Defendant. *See* Dkt. #15 Defendant's Motion to Dismiss.

Moreover, that Plaintiff has filed a notice of voluntary dismissal does not negate the Court's ability to retain jurisdiction over this matter to decide Defendant's sanction motion. *See, e.g., Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808 (S.D.N.Y. July 10, 2019) (court retained jurisdiction to sanction plaintiff's attorney, Richard Liebowitz, despite a voluntary dismissal).

While Liebowitz's motion to withdraw as counsel may be based, in part, on his ineligibility to practice law before this Court, it is an attempt, along with Plaintiff's notice to voluntarily dismiss this case, to avoid sanctions. Indeed, in a similar case in the Southern District of New York, Liebowitz served as plaintiff's counsel, and, when faced with a

4

motion to dismiss for lack of personal jurisdiction, plaintiff filed a notice to voluntarily dismiss the case.  *See McDermott v. Monday Monday, LLC*, 17cv9230 (DLC), 2018 WL 1033240 (S.D.N.Y. February 22, 2018).

In *McDermott*, the court declined to impose sanctions under Section 505 of the Copyright Act, but held that "whether or not an attorney's fee award could be properly awarded against the plaintiff under Section 505, such an award against plaintiff's counsel may be appropriate in an exercise of this Court's inherent power":

> The court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. This power may likewise be exercised where the party or the attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

2018 WL 1033240, at *3 (quoting *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (citation omitted)).  *See also* Fed. R. Civ. P. 11 ("[T]he court may impose an appropriate sanction on *any attorney*....")(emphasis in original).

Here, Liebowitz and Plaintiff are apparently attempting to avoid sanctions before the Court rules on the Motion to Dismiss.  As Defendant explained in its Motion to Dismiss, Plaintiff should not be allowed to voluntarily dismiss the action to avoid paying attorney's fees to Defendant under the "prevailing party" requirement of Section 505 of the Copyright Act.  If the Court declines to impose sanctions under Section 505, Liebowitz will only be encouraged to find another inconvenient forum in which to harass Hoven.

Therefore, and alternately, if the Court declines to impose a sanction under Section 505's "prevailing party" requirement, the Court can and should sanction Liebowitz under

4814-9523-3474.2

the Court's inherent power and also under Rule 11.[2] This action has clearly been brought in bad faith and to wrongfully burden Defendant with having to defend an action in a court more than 1,000 miles from its only place of business and that has no personal jurisdiction over it.  In seeking voluntary dismissal without even attempting to justify this choice of forum, which is also more than 3,000 miles from Plaintiff's residence, Plaintiff and Liebowitz concede their full awareness that there never was a colorable basis to assert personal jurisdiction here.

It bears repeating, as Defendant set forth in its Motion to Dismiss, that Liebowitz has been sanctioned and admonished by several courts around the country, including the U.S. District Court of Colorado, for a myriad of reasons, including filing baseless copyright infringement cases where personal jurisdiction requirements are not met.  *See* Dkt #13, Exhibit A, pp 16-18, Dkt #15.  Indeed, Judge Neureiter specifically pointed out in his order imposing sanctions on Mr. Liebowitz that:

> Thus, if Mr. Liebowitz were inclined to ignore the requirements of the venue statute and the constitutional limits on the exercise of personal jurisdiction, he could file almost any copyright lawsuit in the District of Colorado on behalf of any plaintiff against any defendant that he chooses. The burden would then fall on the defendant to appear in this Court and defend via a motion to dismiss, on pain of a default judgment. The cost of settling might well be lower than the cost of defending in an inappropriate venue.

Dkt. #13, Exhibit A, pp 17-18, Dkt. #15.

---

[2] Defendant's Motion to Dismiss acknowledges that Defendant has not yet formally moved for sanctions pursuant to Rule 11 and the Court's inherent power to issue sanctions, but the Motion does reference at Footnote 3 those powers retained by the Court.  Dkt. #15.  Since Plaintiff went ahead and filed a notice of voluntary dismissal instead of responding to the Motion to Dismiss, conceding defeat without Court action, Defendant requests the opportunity to further brief the issue if the Court decides to not award sanctions pursuant to Section 505.

As Liebowitz has not learned from past admonishments from this Court and from other district courts around the country with respect to ignoring constitutional limits on the exercise of personal jurisdiction, it has reached a point where monetary sanctions are not only warranted, they are necessary.  Mr. Liebowitz has been warned repeatedly; his response is simply to mock these orders by continuing to flout basic rules known to any first year law student.

### CONCLUSION

For the foregoing reasons, Mr. Liebowitz should not be permitted to withdraw as counsel prior to the Court's determination on Defendant's Motion for Sanctions.

Dated: July 9, 2020                              Respectfully submitted,


s/ *Coleman T. Lechner*
Coleman T. Lechner
Foley & Lardner LLP
600 17th Street, Suite 2020S
Denver, CO  80202
(720) 437-2000
clechner@foley.com

*Of Counsel*
Jonathan E. Moskin
Foley & Lardner LLP
90 Park Ave
New York, NY 10016
(212) 682-7474
jmoskin@foley.com

*Attorneys for Defendant*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2020, I electronically filed the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW PRIOR TO RESOLUTION OF DEFENDANT'S MOTION FOR SANCTIONS with the Clerk of Court using the ECF system, which will electronically send notice to:

All Counsel of Record

s/ *Coleman T. Lechner*
Coleman T. Lechner

4814-9523-3474.2