**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01122-WJM-KLM

JANA DILLON JAMIESON

                Plaintiff,

- against –

HOVEN VISION LLC,

                Defendant.

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MR. LIEBOWITZ'S MOTION TO WITHDRAW AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER 17 U.S.C. § 505**

Richard Liebowitz, Esq, via undersigned counsel, respectfully submits this reply memorandum of law in further support of Mr. Liebowitz's motion to withdraw and in opposition to Defendant Hoven Vision LLC ("Defendant")'s motion for sanctions under the Copyright Act, 17 U.S.C. § 505.  For the reasons detailed below, Mr. Liebowitz's motion to withdraw should be granted and Defendant's motion for sanctions under 17 U.S.C. § 505 should be denied.

## INTRODUCTION

As a threshold matter, Defendant's motion for sanctions against Mr. Liebowitz under section 505 of the Copyright Act is fatally flawed because that section cannot serve as the basis for sanctions against an attorney.  Only the party to the action may be held liable for fees and costs under the Copyright Act.  Given that Defendant's motion at Docket No. 15 has not asked the Court to impose liability on the plaintiff Jana Dillon Jamieson ("Plaintiff"), the motion under section 505 should be denied in its entirety.

At this juncture, Defendant may not invoke any other rule or statute to impose sanctions against Mr. Liebowitz. For example, it is too late for Defendant to file a Rule 11 motion given that the complaint has been withdrawn.  Defendant also failed to comply with the Safe Harbor provision of Rule 11 by serving its motion for sanctions before filing it with the Court. To the extent Defendant seeks to invoke the Court's inherent power as a basis for sanctions, it is has failed to do so in Docket No. 15 as there is no pending motion on the docket.  Moreover, Defendant has failed to show by "clear and convincing evidence" that Mr. Liebowitz acted in bad faith.

2

Even if attorney sanctions could be awarded under section 505 of the Copyright Act, Defendant cannot show that it qualifies for fees under 17 U.S.C. § 505 as the "prevailing party" given that this case was voluntarily dismissed *without prejudice* under 41(a)(1)(A)(i). Defendant has failed to conduct diligent caselaw research, as the controlling decisions plainly foreclose Defendant's application. It is well-established that a copyright defendant does not become a "prevailing party" pursuant to section 505 where a voluntary dismissal of an infringement claim has been filed *without* prejudice under Rule 41(a). Indeed, Defendant has failed to cite a single case which holds otherwise. For that reason alone, Defendant's motion should be denied.

Defendant's allegation that Plaintiff's voluntary dismissal constitutes an admission of wrongdoing is baseless. Plaintiff did nothing more than exercise her "unfettered right" to voluntarily dismiss under Rule 41. Further, voluntary dismissal does not excuse Defendant's violation of federal law for expropriating a protected work without authorization. Defendant will eventually be brought to justice for its infringement and a Rule 41 voluntary dismissal, without more, does not render the underlying claim objectively unreasonable or frivolous.

## **PROCEDURAL BACKGROUND**

- On April 21, 2020, Plaintiff filed a one-count complaint for copyright infringement under 17 U.S.C. § 501 based on Defendant's unauthorized use of Plaintiff's registered photographs. [Dkt #1] The complaint was initiated and signed by Plaintiff's counsel, Richard Liebowitz.

3

- On June 3, 2020, the Clerk of Court filed an advisory notice indicating that Mr. Liebowitz was ineligible to practice before this Court.[1] [Dkt. #9]

- On June 9, 2020, Mr. Liebowitz, via special counsel Michael McConnell, Esq. filed a response to the Clerk's advisory notice concerning Mr. Liebowitz's eligibility to practice in this District. [Dkt. #12]

- On June 12, 2020, Magistrate Judge Kristen L. Mix entered an Order indicating that Mr. Liebowitz's response to the Advisory Notice shall be referred to the Committee on Conduct under D.C.COLO.LAttyR 3(d) and D.C.COLO.LAttyR 6(c). [Dkt. #14]

- On June 12, 2020, Defendant filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure and also requested monetary sanctions against Mr. Liebowitz under the Copyright Act, 17 U.S.C. § 505. [Dkt. #15][2]

- On June 18, 2020, Craig B. Sanders, Esq. entered his appearance on behalf of Plaintiff. [Dkt. # 16]

- On June 18, 2020, Mr. Liebowitz filed a motion to withdraw as Plaintiff's counsel [Dkt. #17]

---

[1] By order dated July 6, 2020, the Disciplinary Panel for the U.S. District Court for the District of Colorado granted Mr. Liebowitz's application for relief from the rule of good standing and ordered the Clerk of Court to correct the court record to reflect that Mr. Liebowitz is in good standing in this District. *See* In the Matter of Richard P. Liebowitz, Disciplinary Action No. 20-CC-1.

[2] Defendant did not serve a Rule 11 motion upon Mr. Liebowitz within 21 days of filing its motion for sanctions, as required by Fed.R.Civ.P. 11(c)(2); nor did Defendant move for attorney sanctions pursuant to the Court's inherent power or any other rule or statute.

• On July 2, 2020, Magistrate Judge Kristen L. Mix ordered Defendant to file a response indicating whether it opposes Mr. Liebowitz's withdrawal prior to resolution of the Motion for Sanctions [Dkt. #18]

• On July 6, 2020, Plaintiff filed a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. [Dkt. #19]

• On July 9, 2020, Defendant filed an opposition brief to Mr. Liebowitz's motion to withdraw as Plaintiff's counsel. [Dkt. # 20]

## ARGUMENT

**POINT I:   SANCTIONS AGAINST ATTORNEYS MAY NOT BE AWARDED UNDER SECTION 505 OF THE COPYRIGHT ACT**

Defendant's motion for sanctions against Mr. Liebowitz only identifies one statute as its basis for an award of attorneys' fees: section 505 of the Copyright Act, 17 U.S.C § 505, which provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against *any party* other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C § 505 (italics added).

In its principal brief in support of sanctions, Defendant argues that it is entitled to recover its attorneys' fees under section 505 of the Copyright Act and that Plaintiff's counsel should be held liable for Defendant's fees under that statute. [Dkt. # 15, pp.6-9]

However, it is well-established that section 505 0f the Copyright Act does not authorize sanctions against attorneys. *See, e.g., Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc.*, 246 F.3d 142, 150 (2d Cir. 2001) ("When a fee-shifting statute

5

that authorizes the courts to award attorneys' fees to prevailing parties does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized."); *Chisholm v. Daniel*, 863 F.2d 378 (9th Cir. 1992) (reversing imposition of sanctions against attorney under section 505 and holding that "section 505 of the copyright statute, which authorizes the recovery of costs 'by or against any party' and permits an award of attorneys' fees 'to the prevailing party,' may not be used by the district court to impose sanctions on attorneys."); *Neft v. Vidmark, Inc.*, 923 F.2d 746, 747(9th Cir. 1991) (finding no indication in the language or legislative history that Congress intended section 505 to be a means of imposing sanctions on attorneys); *16 Casa Duse, LLC v. Merkin*, No. 12 Civ. 3492 (RJS), 2013 WL 5510770, at *16 (S.D.N.Y. Sept. 27, 2013) ("[O]nly parties, as opposed to their attorneys, are liable for awards under 505.").

Accordingly, because section 505 of the Copyright Act does not authorize sanctions against attorneys, Mr. Liebowitz cannot be held personally liable for Defendant's fees and costs pursuant to the Copyright Act. For that reason alone, Defendant's motion for sanctions should be denied.

**POINT II:   DEFENDANT'S MOTION FOR SANCTIONS AGAINST MR. LIEBOWITZ FAILS TO IDENTIFY ANY OTHER RULE OR STATUTE UNDER WHICH ATTORNEY SANCTIONS ARE SOUGHT**

D.C.COLO.LCivR 7.1(d) expressly requires that "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion . . ." D.C.COLO.LCivR 7.1(d)

Here, as noted in Point I, *supra*, Defendant's motion for sanctions against Mr. Liebowitz does not identify any rule or statute upon which sanctions are sought, save for

section 505 of the Copyright Act. [Dkt. #15] Indeed, Defendant concedes that its principal motion did not formally move for sanctions under Rule 11 nor under the Court's inherent power. [Dkt. #20, p. 6, fn. 2] Accordingly, to the extent Defendant seeks attorney sanctions under some other unidentified rule or statute, Defendant's motion is in violation of D.C.COLO.LCivR 7.1(d) and has failed to provide Mr. Liebowitz notice and opportunity to be heard. Accordingly, Defendant's motion for attorneys' sanctions at Dkt. #15 is a nullity.[3]

Further, it is too late for Defendant to move for attorney sanctions under Rule 11 because the complaint has already been withdrawn. *See, e.g., Roth v. Green,* 466 F.3d 1179, 1193 (10th Cir. 2006) (holding that a motion for sanctions pursuant to Rule 11 filed after a case is dismissed should be denied); *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528–29 (10th Cir.1997) (concluding that Rule 11 sanctions were unavailable to defendant who moved for sanctions after plaintiff moved to voluntarily dismiss its claims against defendant).

**POINT III:    DEFENDANT IS NOT A "PREVAILING PARTY" UNDER SECTION 505 OF THE COPYRIGHT ACT**

Section 505 of the Copyright Act provides that only a "prevailing party" may recover its attorneys' fees under the Copyright Act. 17 U.S.C. § 505. Under controlling Supreme Court law, Defendant is not the "prevailing party" in this action. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 600 (2001) (holding that in order to be considered a prevailing party for

---

[3] Although Defendant's brief in opposition to Mr. Liebowitz's motion to withdraw invokes the Court's inherent power as a basis for sanctions against Mr. Liebowitz [Dkt. # 20, p. 2], an opposition brief is not itself a motion and therefore the Court's inherent power is not available based on Defendant's *motion* at Dkt. #15.

purposes of federal fee shifting statutes, a party must "secure a judgment on the merits or a court-ordered consent decree").  The Tenth Circuit has also recognized that an "adjudication on the merits" under Rule 41 is the equivalent of a final judgment. See *White v. Arnold,* 951 F.2d 1261 (Table), 1992 WL 268873, at *2 (10th Cir.1991).

Based on *Buckhannon*, it is well-established that a copyright defendant does not become a "prevailing party" pursuant to section 505 where a voluntary dismissal of an infringement claim has been filed *without* prejudice under Rule 41(a)(1).  See, e.g., *Polaris Images Corp. v. ENTtech Media Grp. LLC*, No. 19 CIV. 8208 (KPF), 2020 WL 2904865, at *2 (S.D.N.Y. June 3, 2020) ("a voluntary dismissal without prejudice involves neither a judicial sanction, because it is a unilateral action taken by the plaintiff without involvement from the court, nor a change in the legal relationship of the parties, because the plaintiff is free to resurrect her claim if she so wishes."); *Manhattan Review LLC v. Hun*, 2017 WL 11455317 (S.D.N.Y. Sept. 21, 2017) (to be eligible for fees under the Copyright Act, "a litigant must have 'achieved a judicially sanctioned change in the legal relationship of the parties, via a judgment on the merits or a court-ordered consent decree'") (quoting *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006) (citing *Buckhannon*); *Polaris Images Corp. v. Cable News Network, Inc.*, 365 F. Supp. 3d 340, 343 (S.D.N.Y. 2019) ("the relevant alteration of the parties' legal relationship occurred without the Court's involvement when Polaris filed its voluntary dismissal. Hence that alteration was not the sort of 'judicially sanctioned change' that constitutes a precondition to prevailing-party status."); *Magder v. Lee*, No. 14 CIV. 8461 JFK, 2015 WL 4887551, at *2 (S.D.N.Y. Aug. 17, 2015) (under section 505 of the Copyright Act, "a

8

dismissal without prejudice is not a change in the legal relationship between the parties because plaintiff can still bring the claim again"); *TRF Music Inc. v. Alan Ett Music Grp., LLC*, No. 06 CIV. 0349 (PKC), 2006 WL 1376931, at *1 (S.D.N.Y. May 18, 2006) (rejecting defendants' argument they were "prevailing parties" under 17 U.S.C. § 505 by nature of plaintiff having voluntarily dismissed the action without prejudice prior to defendants filing an answer or moving against the complaint). [4]

Here, Plaintiff voluntarily dismissed the infringement claim <u>without prejudice</u> prior to Defendant answering or moving against the complaint. [Dkt. #19] Since Defendant had not yet answered, Plaintiff was entitled to do so as of right under Rule 41(a)(1), without seeking leave of Court. *TRF Music Inc.*, 2006 WL 1376931, at *2. "The voluntary dismissal 'lacks the judicial *imprimatur*' to render defendants prevailing parties [under the Copyright Act]. *Id.* (citing *Buckhannon,* 532 U.S. at 605)

In short, Defendant has failed to cite a single case – in this Circuit or beyond – where a court has declared an infringement defendant a "prevailing party" after a Rule 41(a) voluntary dismissal *without* prejudice. For that reason alone, its motion for sanctions must be denied.

---

[4] *Accord Interscope Records v. Leadbetter*, 312 F. App'x 50, 52 (9th Cir. 2009) (under section 505, "a dismissal without prejudice does not constitute a material alteration in litigants' legal relationship as it leaves the plaintiff able to re-file his claims"); *Cadkin v. Loose*, 569 F.3d 1142, 1144–45 (9th Cir. 2009) ("Because the plaintiffs in this lawsuit remained free to refile their copyright claims against the defendants in federal court following their voluntary dismissal of the complaint, we hold the defendants are not prevailing parties and thus not entitled to the attorney's fees the district court awarded them"); *Best Indus., Inc. v. CIS BIO Int'l,* Nos. 97–1217, 97–1412, 1998 WL 39383, *4 (4th Cir. Feb. 2, 1998) ("when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who no longer faces the claim due to a dismissal with prejudice."). *Conway v. Licata*, 144 F. Supp. 3d 212, 216 (D. Mass. 2015) (under section 505, "a dismissal without prejudice is not a judgment on the merits").

**POINT IV:  A NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41 IS NOT AN APPROPRIATE BASIS FOR SANCTIONS**

Defendant argues that Plaintiff's notice of voluntary dismissal constitutes an admission that the complaint was improperly filed.  [Dkt. #20, p. 1 ("Plaintiff has filed a notice of voluntary dismissal of this action, thus conceding the frivolousness of the assertion of jurisdiction in this forum.")]  However, this argument is meritless.  A plaintiff has an "unfettered right" to unilaterally dismiss a case for any reason (or no reason at all) under Rule 41, and the act of filing a notice of voluntary dismissal, in and of itself, should not be penalized. As noted by the Second Circuit:

> With regard to the Rule 41 dismissal, a plaintiff who has not been served with an answer or motion for summary judgment has an "unfettered right voluntarily and unilaterally to dismiss an action." *Thorp v. Scarne,* 599 F.2d 1169, 1175 (2d Cir.1979). Dismissal of a suit may be disruptive and annoying, but it is permitted by the rules: [P]laintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. **[But as] long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge.** *Id.* at 1177 n. 10.
>
> It follows that Dorsey was entitled to file a valid Rule 41 notice of voluntary dismissal for any reason, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable. Accordingly, because the district court made no finding that Dorsey acted in bad faith in voluntarily dismissing the case under Rule 41, and because Dorsey was entitled by law to dismiss the case, the district court's sanction against Dorsey for filing the voluntary dismissal must be reversed.
>
> *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114–15 (2d Cir. 2009). (boldface added); *see also Polaris Images Corp. v. Cable News Network, Inc.,* 365 F. Supp. 3d 340, 342 (S.D.N.Y. 2019) ("The Court agrees with Polaris that Rule 41 of the Federal Rules of Civil Procedure gave it an 'unfettered right' to dismiss the Complaint because CNN had not yet answered or moved for summary judgment." )

10

Here, as a matter of law, the fact of Plaintiff's voluntary dismissal does not operate as a concession that jurisdiction was improper.

**POINT V:     MR. LIEBOWITZ HAD A GOOD FAITH BASIS TO FILE SUIT IN THIS DISTRICT**

As previously noted, Defendant has not made a motion for sanctions based on the Court's inherent power, and an Order to Show Cause has not been entered on the record. Sanctions based on the Court's inherent power require clear and convincing evidence that the attorney acted in bad faith. *See Hislop v. Paltar Petroleum Ltd.*, No. 17-CV-02371-RBJ, 2018 WL 5014123, at *8 (D. Colo. Oct. 16, 2018) ("To use this inherent power to impose sanctions, most courts require a showing of 'bad faith' by clear and convincing evidence." (*citing See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015)).

Here, Defendant has failed to demonstrate that Mr. Liebowitz acted in bad faith by filing this case in the District. The record evidence shows that Defendant transacts business in the State of Colorado, thereby supporting a claim for specific jurisdiction. [*See* Declaration of Richard Liebowitz, Ex. A]

Mr. Liebowitz respectfully reserves the right to amplify his response to the jurisdictional question in the event that further sanctions proceedings are commenced against him under the Court's inherent power.

**CONCLUSION**

Based on the foregoing, Mr. Liebowitz respectfully requests that the Court GRANT Mr. Liebowitz's motion to withdraw as Plaintiff's counsel and DENY the Defendant's motion for sanctions under 17 U.S.C. § 505. To the extent that Defendant seeks sanctions based on the Court's inherent power, Mr. Liebowitz respectfully

11

requests proper notice and opportunity to be heard on any future application. Mr. Liebowitz also respectfully requests that the Court so order the Notice of Voluntary Dismissal filed on July 6, 2020.

Dated: July 24, 2020
       Valley Stream, New York

                                         /s/Richard Liebowitz
                                         Richard Liebowitz
                                         Liebowitz Law Firm, PLLC
                                         11 Sunrise Plaza, Suite 305
                                         Valley Stream, NY 11580

                                         *Attorney for Plaintiff*