IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01122-WJM-KLM

JANA DILLON JAMIESON,

    Plaintiff,

 v.

HOVEN VISION LLC,

    Defendant.

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MR. LIEBOWITZ'S MOTION TO WITHDRAW AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS (DOCKET #27), AND DEFENDANT'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS (Docket #15)**

Defendant Hoven Vision LLC ("Hoven Vision" or "Defendant"), through counsel, respectfully submits this Motion to Strike Plaintiff's Reply Memorandum in Further Support of Mr. Liebowtiz's Motion to Withdraw and in Opposition to Defendant's Motion for Sanctions (Docket #27)[1], and submits its reply in further support of its request for sanctions (Docket #15).[2]

**BACKGROUND**

Plaintiff's counsel, Mr. Richard Liebowitz ("Liebowitz"), submitted and signed Docket #27 and the exhibits attached thereto despite specifically being ineligible to practice before this Court. *See* Dkt. #9 and #10. Despite Plaintiff having new counsel

---

[1] As the submissions and cross motions and responses in this case have become unusually cumbersome, Defendant will refer to Plaintiff's/Liebowitz's submission and exhibits thereto as "Docket #27".

[2] Defendant combines this reply in support of its request for sanctions (Dkt. #15) and the motion to strike in this one submission as the arguments in both support Defendant's request for sanctions.

1

appear on her behalf (Dkt. #16), and despite Liebowitz having his own attorney appear on his behalf (Dkt. #11 and #12), Liebowitz, by making, signing and filing this submission in his own name, cavalierly disregarded the Court's Order barring him from practicing before the Court. There has been no correction in this case's record, nor in this Court's Attorney Status database, that Liebowitz has been re-instated or is now authorized to proceed as counsel on Plaintiff's behalf.

For these reasons, and as further set forth below, Docket #27 and its exhibits should be stricken, and the Court should enter an Order to Show Cause why Liebowitz should not be sanctioned for practicing before this Court despite not being eligible or reinstated to do so.  The Court should further order Liebowitz to show cause why he should not be sanctioned for submitting exhibits conspicuously undated and having no connection to this matter, to justify, belatedly, his evident lack of any "good faith" basis to file Plaintiff's complaint in this Court.

Additionally, although Docket #27 should be stricken, it makes clear precisely how Liebowitz has exploited the Rules of Civil Procedure in filing frivolous copyright lawsuits in random courts around the country, regardless where he is admitted to practice and regardless whether defendants are subject to personal jurisdiction.  Indeed, the content of Docket #27 is at best highly misleading, and plainly fails to justify plaintiff's invocation of personal jurisdiction in this court.  Rather, the exhibits are either irrelevant on their face of have been *altered* to conceal how irrelevant they are to establish personal jurisdiction.

What has become increasingly apparent, both in this Court and in courts around the country, is that Mr. Liebowitz acts in ways unbounded by local rules of Court or the

4845-1520-2501.4

Federal Rules of Civil Procedure. Mr. Liebowitz's pattern of filing frivolous copyright lawsuits in random courts where a defendant is not subject to jurisdiction, forces defendants to defend such suits in jurisdictions that are foreign to them, or acquiesce to Liebowitz's client's demands for settlement.

If a defendant, like Hoven Vision, files a Rule 12 motion to dismiss for lack of personal jurisdiction and for sanctions, Liebowitz and his clients file Rule 41 notices of voluntary dismissal without prejudice. By doing so and evading entry of judgment, Liebowitz attempts to avoid a sanction under the Copyright Act's Section 505 that authorizes attorneys' fees to prevailing parties. Voluntary dismissal under Rule 41 also places a burden on the meritorious defendant to move for Rule 11 sanctions.

Whether any defendant files a Rule 12 motion to dismiss or a Rule 11 motion, the defendant still bears the cost of having to prepare the motion and respond to these baseless lawsuits regardless of when or whether Liebowitz voluntarily dismisses the case. This pattern will only continue unless Liebowitz is firmly sanctioned for his conduct. In this regard, the Court retains inherent power to sanction Liebowitz and should do so.

Quite simply, Liebowitz is encouraged to continue exploiting the Rules by filing as many lawsuits as possible in the most inconvenient of forums in the hopes of obtaining unmerited but quick settlements from defendants. Only now that courts have begun increasingly to sanction Liebowitz for flouting basic tenets of the Federal Rules of Civil Procedure and individual judges' local rules and courtroom practices is there any hope the practice will end. It would be extraordinarily burdensome to recount every recent sanction and admonishment that Liebowitz has received since he began his pattern and

practice of filing these frivolous lawsuits three years ago.

However, Judge Reid Neureiter recently entered a sanctions order against Liebowitz in which Judge Neureiter recounts many sanctions and admonitions Liebowitz has received in his short career as a lawyer. That Order is included in this case's docket. *See* Dkt #13. A few weeks later, Judge Neureiter followed up again with another Order in that same case:

> I recited Plaintiff's counsel Richard Liebowitz's extensive documented history of misconduct and being sanctioned by this and other federal courts. I concluded that Mr. Liebowitz's continued practice of law in the manner he is practicing it "represents a clear and present danger to the fair and efficient administration of justice, and steps should be taken promptly by appropriate disciplinary authorities to suspend his ability to file new cases unless and until he has demonstrated he has appropriate systems in place to assure regular compliance with court rules and rules of professional conduct."

*Mondragon v. Nosrak, LLC et al.,* 19-cv-1437 (CMA-NRN), Dkt. 58, at 1-2 (D. Colo. May 27, 2020)

Here, Liebowitz continues to violate court rules and procedures, and the Court retains the inherent power to sanction Liebowitz. Hoven Vision respectfully requests that it should do so.

## ARGUMENT

### A.  Plaintiff's Submission at Docket #27 Should Be Stricken and the Court Should Enter an Order to Show Cause Against Liebowitz

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court should strike the entirety of Docket

4

#27 on the grounds that Liebowitz is ineligible to practice law before this Court, and should further strike the exhibits to Liebowtiz's Declaration incorporated with Docket #27 on the grounds that those exhibits are insufficient to support a good faith basis for bringing this lawsuit in this forum.

1. *Liebowitz Remains Ineligible to Practice Before This Court*

Liebowitz is ineligible to practice before this Court.  *See* Dkt. #9 and #10.  Despite Plaintiff having new counsel (Dkt. #16), and Liebowitz having his own personal attorney (Dkt. #11 and #12), Liebowitz, by signing and filing this submission, simply disregarded the Court's order rendering him ineligible to practice before the Court.

In Docket #27, Liebowitz drops a footnote claiming that the Disciplinary Panel entered an Order on July 6, 2020, granting his "application for relief from the rule of good standing and ordered the Clerk of Court to correct the record to reflect that Liebowitz is in good standing in this District."  Dkt. #27 at Fn 1.  However, there has been no correction in this case's record, nor in this Court's Attorney Status database (as of August 4, 2020), that Liebowitz has been re-instated or authorized to proceed as counsel on behalf of Plaintiff.  Nor has Liebowitz or his professional responsibility attorney filed in this case any evidence of the supposed Order by the Disciplinary ordering the Clerk to reflect the good standing.  Moreover, pursuant to D.C.COLO.LAttyR 11(a)(4), "Reinstatement or readmission is neither automatic nor a matter of right".  Therefore, even if the Disciplinary Panel did order the Clerk to restore Liebowitz's good standing, this is not automatic. Accordingly, Liebowitz remains ineligible to practice before this Court, and Defendant requests that the Court strike Docket #27, and enter an Order to Show Cause why

5

4845-1520-2501.4

Liebowitz should not be sanctioned.

2. *The Exhibits to Docket #27 Have Been Submitted in Bad Faith*

Liebowitz submits the exhibits to Docket #27 to excuse (belatedly) his and Plaintiff's apparent bad faith in filing the Complaint in this Court after having already conceded the lack of jurisdiction by withdrawing the Complaint. Dkt. #27 at 11. Liebowitz asserts in his own declaration that he had a "good faith belief, acquired upon pre-filing due diligence, that Defendant transacts substantial business in this District." *See* Liebowitz Declaration at 3. The exhibits show just the opposite.

To begin, the exhibits were clearly altered to remove or hide the date stamp showing the date when Liebowitz accessed the websites. The exhibits thus do not support Liebowitz's claim he conducted any "pre-filing due diligence." Indeed, had Liebowitz and Plaintiff truly had any such good faith basis, they could have submitted these exhibits in response to Defendant's Motion to Dismiss rather than simply voluntarily dismissing the Complaint.

Moreover, none of the four exhibits supports any "good faith belief" that Defendant "transacts substantial business in this District." The first exhibit is a screenshot showing someone identified as "nocosunglasses" as the seller on eBay of Hoven Vision sunglasses with the seller apparently being located in Wellington, Colorado. Any person can sell a personal item on eBay, and Hoven Vision has no connection to someone identified as "nocosunglasses." Nor does Hoven Vision have any offices in Colorado. *See* Declaration of Jeffrey Sehgal at ¶¶ 4-5.

The second exhibit is an apparent press release dated April 29, **2014** from an entity

6

4845-1520-2501.4

in Colorado called 3d Lacrosse. That Hoven Vision was a one-time sponsor of 3d Lacrosse **six years ago** (*see* Sehgal Decl. at 6) does not form the basis of "substantial" or "continuous" contacts within this jurisdiction for this Court to have personal jurisdiction over Defendant in this matter. Hoven Vision has not sponsored any other Colorado entity since 2014. *See* Sehgal Decl. at ¶ 6. Nor does the temporally distant sponsorship have anything to do with the subject matter of this action, and indeed was entered before Hoven Vision and Plaintiff freely entered their contract – the same contract that proves this is not even a copyright action and why the Court never had subject matter jurisdiction either. *See* Sehgal Decl. at ¶ 6. This "exhibit" is simply a red herring.

The third exhibit is a screenshot of an apparent online company known as Native Slope that evidently sells Hoven Vision sunglasses. Hoven Vision does not own or operate the Native Slope website (*see* Sehgal Decl. at ¶ 7), and the exhibit does not show how Hoven Vision has any connection to this forum. It does not.

The fourth exhibit is a screenshot of a Google search of some entity called salenykyi. The "connection" to Colorado appears to be that the site has had visitors from all 50 states and the District of Columbia. Hoven Vision does not own or operate the salenykyi website. *See* Sehgal Decl. at ¶ 8.

"The internet operates in 'every state regardless of where the user is physically located, potentially rendering the territorial limits of personal jurisdiction meaningless.'" *Advanced Career Technologies, Inc. v. Does 1-10*, Civil Action No. 13-cv-0304-WJM-KLM (D. Colo. Jan. 23, 2015)(quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011)). "To avoid such a result, Tenth Circuit case law places an emphasis on

7

4845-1520-2501.4

whether the website or internet user 'intentionally direct[ed] his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there.'" *Id.*

Here, the three exhibits showing third-party-online-sellers offering Hoven Vision sunglasses for sale do not show any connection between Hoven Vision and this forum, and they do not show any activity or operation intentionally directed at this forum. The exhibit showing a sponsorship of an irrelevant event from six years ago does not meet either requirements for general or specific jurisdiction. *See* Defendant's Motion to Dismiss, Dkt. #15.

By belatedly submitting all four irrelevant "exhibits," Liebowitz and Plaintiff have only presented further "evidence" of their own bad faith, not any relevant "pre-filing due diligence." For this very reason, Defendant's request the Court strike the entirety of Docket #27, and enter an Order to Show Cause why Liebowitz should not be sanctioned for presenting this filing both in violation of Liebowitz's suspension from practice before the Court, and for the bad faith content of attempting to explain how this case was filed within this District in the first place.

B.  The Court has Inherent Powers to Issue Sanctions for Attorney's Fees

Because Liebowitz's pattern and practice of filing frivolous lawsuits styled as copyright infringement matters has reached a tipping point (as recognized recently by several courts), this case warrants measures to put a stop to these practices. As is now well-known among federal courts and the community of defense lawyers, Liebowitz has filed more than 2,000 copyright infringement-styled lawsuits in the past few years, and has repeatedly been sanctioned and admonished (with increasing frequency). Equally

8

well-known is that Liebowitz files these actions in federal courts that have no jurisdiction over named defendants.

When faced with a Rule 12 motion for dismiss for lack of personal jurisdiction and for sanctions under Section 505 of the Copyright Act, Liebowitz simply invokes Rule 41 to voluntarily dismiss the action without prejudice. Faced with the prospect of a Rule 11 motion for sanctions, Liebowitz likewise simply employs Rule 41 to escape the consequences of his own bad faith.

Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178, 1186 (2017)(quoting *Link v. Wabash R. Co.*, 370 U. S. 626, 630–631 (1962)). These inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U. S. 32, 44–45 (1991)). An example of a "permissible sanction is an 'assessment of attorney's fees'—an order, like the one issued here, instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.*

"Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." *Mondragon v. Nosrak LLC*, Civil Action No. 19-cv-01437-CMA-NRN, (D. Colo. May 11, 2020)(quoting *Clark v. C.I.R.*, 744 F.2d 1447, 1447 (10th Cir. 1984). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ("[T]he inherent power extends to a full range of litigation abuses.")).

9

What is "clear and convincing" in this case, and the myriad of cases Liebowitz has filed in bad faith around the country, is Liebowitz's pattern and practice of filing complaints in the wrong jurisdiction so as to extract undeserved settlement money from defendants who otherwise have to expend resources fighting frivolous claims in foreign forums. Like many other defendants, Hoven Vision is now left to pay its legal bills here for having undersigned counsel prepare and file all of the submissions in this case, unless Liebowitz and Plaintiff are firmly sanctioned.

Accordingly, this Court has and should exercise its inherent power to sanction Liebowitz and Plaintiff for: (1) filing this frivolous lawsuit and (2) Liebowitz continuing to practice before this Court while not in good standing.

## CONCLUSION

For the foregoing reasons: Plaintiff's Docket #27 should be stricken; Mr. Liebowitz should not be permitted to withdraw without first answering for his misconduct; the Court should enter sanctions against Plaintiff and Liebowitz under the Court's inherent powers; and the Court should enter an Order to Show Cause why Liebowitz should not be further sanctioned for practicing before this Court despite being ineligible to do so and submitting exhibits in bad faith.

Dated: August 5, 2020                                    Respectfully submitted,

4845-1520-2501.4

        s/ *Coleman T. Lechner*
Coleman T. Lechner
Foley & Lardner LLP
600 17th Street, Suite 2020S
Denver, CO  80202
(720) 437-2000
clechner@foley.com

*Of Counsel*
Jonathan E. Moskin
Foley & Lardner LLP
90 Park Ave
New York, NY 10016
(212) 682-7474
jmoskin@foley.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2020, I electronically filed the foregoing submission and the Declaration of Jeffrey Sehgal with the Clerk of Court using the ECF system, which will electronically send notice to:

All Counsel of Record

        s/ *Coleman T. Lechner*
Coleman T. Lechner

11

4845-1520-2501.4