**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1122-WJM-KLM

JANA DILLON JAMIESON,

    Plaintiff,

v.

HOVEN VISION LLC,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT, GRANTING DEFENDANT'S MOTION TO STRIKE, AND ORDERING ATTORNEY RICHARD LIEBOWITZ TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED**

---

    In this copyright infringement action, Plaintiff Jana Dillon Jamieson ("Plaintiff") alleges that Defendant Hoven Vision LLC ("Defendant") displayed on its website photographs that she had taken and without compensating her. Before the Court are the following motions:

- Defendant's Motion to Dismiss Plaintiff's Complaint and for Sanctions ("Motion to Dismiss") (ECF No. 15)

- Plaintiff's attorney, Richard Liebowitz's ("Mr. Liebowitz"), Motion to Withdraw as Attorney ("Motion to Withdraw") (ECF No. 17), and

- Defendant's Motion to Strike Plaintiff's Reply Memorandum of Law in Further Support of Mr. Liebowitz's Motion to Withdraw and in Opposition to Defendant's Motion for Sanctions, and Defendant's Reply in Further Support of Defendant's Motion for Sanctions ("Motion to Strike") (ECF No.

29).

For the reasons that follow, Defendant's Motion to Dismiss is denied as moot, Defendant's Motion to Strike is granted, and Mr. Liebowitz is ordered to show cause why his Motion to Withdraw should not be stricken and why he should not be sanctioned.

## I. BACKGROUND

Plaintiff is a professional photographer residing in Wailuku, Hawaii. (ECF No. 1 ¶ 5.) She is in the business of licensing her photographs to online and print media for a fee. (*Id.*) In her Complaint, Plaintiff alleges that Defendant, a company located in San Diego, California, displayed several of Plaintiff's photographs on its website in order to promote its products. (*Id.* ¶ 10.) She alleges that Defendant's use of these photographs violated sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 101, *et seq* ("Copyright Act"). (*Id.* ¶ 14.) As a result, Plaintiff seeks damages of $150,000 per work infringed as well as attorney's fees and costs. (*Id*. ¶¶ 16–18.)

Plaintiff filed the Complaint on April 21, 2020. (ECF No. 1.) On June 3, 2020, the Clerk of Court entered an advisory notice stating that the Northern District of California had entered an Order of Disbarment against Mr. Liebowitz, rendering him ineligible to practice in this Court pursuant to the District of Colorado's Local Attorney Rule 3(c). (ECF Nos. 9–10.)

Defendant filed its Motion to Dismiss on June 12, 2020 (ECF No. 15.) On June 18, 2020, Mr. Liebowitz filed his Motion to Withdraw. (ECF No. 17.) Plaintiff filed a Notice of Voluntary Dismissal of Case on July 6, 2020. (ECF No. 19.) Defendant filed

a Brief in Opposition to Mr. Liebowitz's Motion to Withdraw ("Opposition") on July 9, 2020. (ECF No. 20.) Plaintiff filed a Reply to Defendant's Opposition on July 23, 2020 ("Reply"). (ECF No. 27.) On August 5, 2020, Defendant filed its Motion to Strike Plaintiff's Reply. (ECF No. 29.)

## II. JURISDICTION

The Court acknowledges that Plaintiff has voluntarily dismissed her Complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I). (ECF No. 19.) While dismissal terminates a court's subject-matter jurisdiction over the substantive merits of an action, the Court nonetheless "retains the inherent authority to issue orders on matters collateral to the merits." *Lundahl v. Halabi*, 600 F. App'x 596, 605 (10th Cir. 2014). This authority extends to conducting sanction proceedings and imposing "any sanction for abusive conduct for which sanctions are authorized by the federal rules of procedure or federal statutes, including awarding costs or attorney's fees." *Id.* at 605–06. Accordingly, the Court retains jurisdiction to rule on following issues.

## III. ANALYSIS

### A.     Defendant's Motion to Dismiss

Defendant's Motion to Dismiss for lack of personal jurisdiction is moot, as Plaintiff has voluntarily dismissed her Complaint. (ECF No. 19.) The Motion to Dismiss is therefore denied as moot. Insofar as Defendant's Motion to Dismiss seeks sanctions against Plaintiff, the Court discusses the availability of sanctions in Part III.D below.

### B.     Mr. Liebowitz's Motion to Withdraw as Counsel

Local Attorney Rule 5(b) sets out the requirements of an attorney seeking to

withdraw from representation. D.C.COLO.LAttyR 5(b). Withdrawal is effective only upon entry of a court order. *Id.* The withdrawing attorney must serve the motion to withdraw on all counsel of record and the client of the withdrawing attorney. *Id.* The motion must include the reasons for withdrawal, unless statement of the reasons would violate the rules of professional conduct. *Id.*

While the Court may speculate that Mr. Liebowitz seeks to withdraw due to his present ineligibility to practice in the District of Colorado, his Motion to Withdraw does not specify as much. It states only that "Richard Liebowitz hereby withdraws as counsel for Plaintiff." (ECF No. 17 at 1.) There is no documentation that Mr. Liebowitz notified his client of his intention to withdraw and obtained her consent, apart from the Notice of Entry of Appearance by another lawyer, Craig Sanders, on Plaintiff's behalf. (ECF No 16 at 1.) Because Mr. Liebowitz has not complied with the Court's Local Rules governing the withdrawal of counsel, the Court may strike his Motion to Withdraw. *See In re Hopkins*, 1998 WL 704710, at *3 n.6 (10th Cir. 1998) (stating that a court may strike a filing for failure to comply with local rules). Mr. Liebowitz is therefore ordered to show cause not later than December 21, 2020 as to why his Reply should not be stricken for his failure to comply with D.C.COLO.LAttyR 5(b).

## C.  Defendant's Motion to Strike Plaintiff's Reply

Defendant moves to strike Plaintiff's Reply pursuant to Federal Rule of Civil Procedure 12(f) on the ground that it was authored and filed by Mr. Liebowitz, who is ineligible to practice law before this Court. (ECF No. 29 at 4–5.) Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Notably, Rule 12 applies to pleadings, and not motions, oppositions, or memoranda. *Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan for Employees*, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009) (citing *Searcy v. Soc. Security Admin.*, 1992 WL 43490, at *3 (10th Cir. Mar. 2, 1992)). The Tenth Circuit has acknowledged, however, that a court may strike filings that do not comply with the court's local rules of practice. *See Hopkins*, 1998 WL at *3 n.6.

Local Attorney Rule 3(c) mandates that an attorney practicing before the Court be in good standing in all jurisdictions in which he or she is admitted. D.C.COLO.LAttyR 3(c). Local Attorney Rule 5 provides that only an attorney admitted to practice before the Court may file documents with the Court. D.C.COLO.LAttyR 5(a)(5).

As stated above, Mr. Liebowitz was disbarred by the Northern District of California. He is therefore no longer in good standing and is ineligible to practice before this Court. (ECF Nos. 9–10.) Mr. Liebowitz nonetheless authored and submitted Plaintiff's Reply. (ECF No. 27.) His signature on the Reply was not accompanied by that of an attorney licensed to practice before the Court.[1] (*Id.* at 12.) Because Plaintiff's Reply does not comport with the Local Rules of the District of Colorado, Defendant's Motion to Strike is granted.

---

[1] Plaintiff's Reply includes a footnote stating that the Court's Disciplinary Panel granted Mr. Liebowitz's application for relief from the rule of good standing; however, the docket does not reflect any change. (ECF No. 27 at 4 n.1.)

5

**D.      Request for Sanctions**

In its Motion to Dismiss, Defendant seeks attorney's fees and costs pursuant to Section 505 the Copyright Act.  (ECF No. 15 at 6–7.)  In its Motion to Strike, Defendant also requests attorney's fees and costs in the form of sanctions against Mr. Liebowitz, pursuant to the Court's inherent authority.  (ECF No. 29 at 8–9.)  Because the Court finds that it has inherent authority to impose sanctions on Mr. Liebowitz, it need not reach the question of whether sanctions are available under the Copyright Act, or any other rule or statute.

Federal courts have certain "inherent powers" which are not conferred by rule or statute "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  Among these powers is the court's "ability to fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *3–*4 (S.D.N.Y. July 10, 2019) (imposing sanctions on Mr. Liebowitz pursuant to court's inherent powers).  One permissible sanction is an assessment of attorney's fees, requiring the party that has engaged in misconduct to reimburse the legal fees and costs of the other party.  *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).  Such a sanction "must be compensatory rather than punitive in nature."  *Id.*

Defendant asserts that Mr. Liebowitz acted in bad faith by filing the present action in the District of Colorado without a sufficient basis for personal jurisdiction, which it argues is part of Mr. Liebowitz's pattern and practice of filing frivolous lawsuits

to force settlements.  (ECF No. 15 at 3.)  Shirking the laws governing personal jurisdiction and venue, Mr. Liebowitz may file almost any copyright lawsuit in this Court on against any defendant that he chooses.  (ECF No. 15 at 8.)  A defendant would then be forced to defend the action, or pay the plaintiff a settlement amount rather than bear the cost of litigation.

In her Complaint, Plaintiff alleges that the Court has personal jurisdiction over Defendant because Defendant "transacts business in Colorado."  (ECF No. 1 ¶ 3.)  The mere transaction of business in the forum state, however, is not sufficient to establish a basis for general or specific personal jurisdiction.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137–38. (2014); *Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1163 (D. Colo. 2016) (finding that the statement that "at all material times, [the defendant] did and continues to do business in Colorado" was insufficient to establish personal jurisdiction).  Rather, a plaintiff must allege "continuous and systematic" contacts with a forum state to provide a basis for general jurisdiction.  *Daimler*, 571 U.S. at 127.

Plaintiff's allegations plainly do not establish a plausible basis for personal jurisdiction over Defendant.  Plaintiff does not allege that Defendant's contacts with Colorado are continuous or systematic.  Nor does Plaintiff allege that her injury in this action is in any way connected with Colorado.  As Plaintiff resides in Hawaii and Defendant resides in California, it is unclear why Plaintiff would opt to commence this action in Colorado, other than to inconvenience Defendant. .

Moreover, beyond Mr. Liebowitz's dubious allegation of personal jurisdiction, he has continued to practice law before this Court in spite of his ineligibility to do so.  As stated, the docket reflects that Mr. Liebowitz is not in good standing in the District of

Colorado due to his disbarment in California. (ECF Nos. 9–10.) Mr. Liebowitz nonetheless filed his Reply with total disregard for his suspension from practicing before the Court. (ECF No. 27.) Mr. Liebowitz's flagrant violation of the Local Rules of this Court is further sanctionable conduct.

This is not Mr. Liebowitz's first professional practice offense in the District of Colorado. In May 2020, United States Magistrate Judge N. Reid Neureiter sanctioned Mr. Liebowitz in an action similarly lacking a basis for personal jurisdiction over the defendant. (ECF No. 13.) In his Order, Judge Neureiter noted the litany of prior misconduct by Mr. Liebowitz, ranging from the filing of hundreds of actions without personal jurisdiction or in improper venues, to repeated violations of court orders. (*Id.* at 18–22.) It appears to the Court that Mr. Liebowitz has once again in this action abused the judicial process by engaging in bad-faith and vexatious conduct. An award of attorney's fees and costs may be appropriate to compensate Defendant for defending this slapdash action.

Mr. Liebowitz is therefore ordered to show cause not later than December 21, 2020 why he should not be required to pay Defendant's attorney's fees and costs as a sanction for his misconduct.

## IV. CONCLUSION

1. Defendant's Motion to Dismiss (ECF No. 15) is DENIED AS MOOT;
2. Defendant's Motion to Strike Plaintiff's Reply (ECF No. 29) is GRANTED;
3. Mr. Liebowitz is ORDERED TO SHOW CAUSE in writing and filed with the Court **not later than December 21, 2020**, why he should not be ordered to pay


      Defendant's attorney's fees and costs reasonably incurred in defending this action, as a sanction for his bad faith and vexatious conduct; and

4.    Mr. Liebowitz is further ORDERED TO SHOW CAUSE in writing and filed with the Court **not later than December 21, 2020** why his Motion to Withdraw should not be stricken for failure to comply with the applicable Local Rules of this District Court.

5.    Mr. Liebowitz's responses to the Court's Orders to Show Cause shall not in the aggregate exceed 10 pages, excluding attorney signature blocks and certificates of service. Defendant shall not file any reply to these filings absent further order of Court.

Dated this 1st day of December, 2020.

BY THE COURT:

William J. Martinez
United States District Judge