**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1122-WJM-KLM

JANA DILLON JAMIESON,

    Plaintiff,

v.

HOVEN VISION LLC,

    Defendant.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE IN PART
AND STRIKING RICHARD LIEBOWITZ'S MOTION TO WITHDRAW**

---

Before the Court is Plaintiff's counsel Richard Liebowitz's ("Liebowitz") Response to the Court's Order to Show Cause ("Response") (ECF No. 33) which, in part, directed Liebowitz to show cause why his Motion to Withdraw as Attorney ("Motion to Withdraw") (ECF No. 17) should not be stricken. For the following reasons, the Order to Show Cause is made absolute, and Liebowitz's Motion to Withdraw is stricken.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and reproduces only those facts pertinent to this ruling.

On April 21, 2020, Plaintiff Jana Dillon Jamieson, represented by Liebowitz, initiated this copyright infringement action against Defendant Hoven Vision, LLC. (ECF No. 1.) On June 3, 2020 the Clerk of Court entered an advisory notice stating that Liebowitz had been disbarred in the Northern District of California and was therefore no

longer in good standing and not authorized to practice law in the District of Colorado. (ECF Nos. 9–10.) On June 18, 2020, Liebowitz filed his Motion to Withdraw, which stated only "Richard Liebowitz hereby withdraws as counsel for Plaintiff." (ECF No. 17.)

On December 1, 2020, the Court issued an Order to Show Cause, directing Liebowitz to show cause why his Motion to Withdraw should not be stricken for failure to comply with Local Attorney Rule 5(b), which governs withdrawal of counsel from representation.[1] (ECF No. 32; *see also* D.C.COLO.LAttyR 5(b).) On December 21, 2020, Liebowitz submitted his Response to the Court's Order to Show Cause. (ECF No. 33.)

## II. ANALYSIS

Local Attorney Rule 5(b) governs the procedure for an attorney's withdrawal from representation of a client. D.C.COLO.LAttyR 5(b). An attorney must serve a motion seeking withdrawal upon all counsel of record and the client of the withdrawing attorney, and the motion must include the reasons for withdrawal. *Id.* Withdrawal is only effective upon entry of a court order. *Id.*

As stated, Liebowitz's Motion to Withdraw contained only one sentence, indicating that he withdrew as counsel. (ECF No. 17 at 1.) He provided no documentation that he notified his client of his intent to withdraw, and did not state his reasons for withdrawal. (*Id.*)

Liebowitz posits that his hasty attempt to withdraw from representation was an effort to comply with Local Attorney Rule 3, which prohibits an attorney who is not in good standing from practicing law in this District. (ECF No. 33 at 10; *see also*

---

[1] The Court also directed Liebowitz to show cause why he should not be sanctioned for filing a frivolous complaint, which the Court will address in a separate order on a later date.

D.C.COLO.LAttyR 3(c).)  Because his disbarment in California rendered him ineligible to practice in the District of Colorado, Liebowitz submits that the Local Rules governing withdrawal do not apply in his circumstances.  (ECF No. 33 at 10.)  Liebowitz does not provide authority supporting the contention that mandatory withdrawal relieves an attorney of the obligation to comply with the Local Rules.

Considerations of notice and fairness to clients underlie the obligations of Rule 5.  These considerations are not rendered obsolete when withdrawal of counsel is mandatory rather than permissive.  The Court finds that Liebowitz has not advanced any persuasive reason to disregard Rule 5's mandates in this case.  Accordingly, the Court will strike Liebowitz's Motion to Withdraw.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 32) is MADE ABSOLUTE IN PART with respect to the striking of the Motion to Withdraw;

2. Richard Liebowitz's Motion to Withdraw (ECF No. 17) is STRICKEN; and

3. The Court will rule on the remainder of its Order to Show Cause by way of separate Order.

Dated this 5th day of February, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge