**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1122-WJM-KLM

JANA DILLON JAMIESON,

    Plaintiff,

v.

HOVEN VISION LLC,

    Defendant.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE
AND SANCTIONING ATTORNEY RICHARD LIEBOWITZ**

---

Before the Court is Attorney Richard Liebowitz's Response to the Court's Order to Show Cause ("Response") why he should not be sanctioned for filing his Complaint without a basis for personal jurisdiction. (ECF No. 33.) For the following reasons, the Order to Show Cause is made absolute, and Defendant Hoven Vision, LLC will be awarded its reasonable attorneys' fees and costs incurred in defending this action.

## I. BACKGROUND

On April 21, 2020, Plaintiff Jana Dillon Jamieson, represented by Liebowitz, initiated this copyright infringement action. (ECF No. 1.) On June 12, 2020, Defendant filed its Motion to Dismiss Plaintiff's Complaint and for Sanctions, seeking attorneys' fees and costs as a sanction for Plaintiff's filing of the Complaint without a good-faith basis for personal jurisdiction over Defendant. (ECF No. 15.) Plaintiff voluntarily dismissed her Complaint on July 6, 2020. (ECF No. 19.)

On December 1, 2020, the Court issued its Order to Show Cause, directing Liebowitz to show cause why he should not be sanctioned for filing the Complaint with no discernable basis for personal jurisdiction.[1]  (ECF No. 32.)  Specifically, Defendant's sole place of business is in California, Plaintiff resides in Hawaii, and neither party has obvious connections to Colorado.  (ECF No. 1 ¶¶ 5, 10.)  On December 21, 2020, Liebowitz submitted his Response to the Court's Order to Show Cause.  (ECF No. 33.)

## II. ANALYSIS

In his Response, Liebowitz asserts that he filed Plaintiff's Complaint with a good-faith belief that Defendant was subject to the Court's personal jurisdiction.  (ECF No. 33 at 4.)  Liebowitz primarily argues that a third-party vendor located in Colorado, Native Slope, sold Defendant's products on its website, thereby providing a basis for specific personal jurisdiction in the District of Colorado.  (*Id.* at 7–8.)  He also posits that where a defendant places an infringing product into the stream of commerce, personal jurisdiction may exist.  (*Id.* at 4–7.)

### A.     Personal Jurisdiction

A court's exercise of personal jurisdiction over a non-resident defendant must comport with the requirements of Colorado's long-arm statute and constitutional due process requirements.  *Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1162 (D. Colo. 2016).  Thus, a court may only exercise personal jurisdiction over a non-resident party if that party has sufficient minimum contacts with the state such that the exercise of jurisdiction would not violate "traditional notions of fair play and substantial justice."  *Id.*;

---

[1] The Court also ordered Liebowitz to show cause why his Motion to Withdraw should not be stricken for failure to comply with Local Attorney Rule 5, which the Court addressed in an earlier order.  (ECF No. 40.)

*see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Specific personal jurisdiction over an out-of-state company exists if the company "purposefully directed its activities at residents of the forum state," and the plaintiff's injuries arose out of such activities.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008).  The purposeful direction doctrine prevents defendants from being bound to appear based on "'random, fortuitous, or attenuated contacts' with the forum state."  *Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, 989 F. Supp. 2d 1202, 1207 (D. Colo. 2012) (citing *Dudnikov*, 514 F.3d at 1070).

       This action arises out of Plaintiff's claim that Defendant impermissibly published certain photographs taken by Plaintiff on its website for advertising purposes.  (*See generally* ECF No. 1.)  Plaintiff makes no allegation that Defendant placed Plaintiff's photographs in the "stream of commerce," only that it displayed the photographs for marketing purposes on its own website.  (*Id.* ¶¶ 10–11.)  Thus, Liebowitz's suggestion that Defendant sold infringing products in Colorado is misleading and inapposite on these facts.

       Liebowitz also asserts that Plaintiff's photographs may have been included in promotional materials Defendant provided to Native Slope to sell its products, which he posits would provide a basis for the Court to exercise personal jurisdiction over Defendant.  (ECF No. 33 at 8.)  The exhibit attached to Liebowitz's Response only demonstrates that Native Slope carried Defendant's eyewear products and does not contain Plaintiff's photographs.  (ECF No. 33-1.)  Liebowitz speculates, however, that "it is plausible" that Defendant sent Plaintiff's photographs to Native Slope as part of the

promotional materials.  (ECF No. 33 at 8.)  This far-fetched speculation, in the absence of any evidence, does not provide a basis for personal jurisdiction.

Defendant's scant business activities in Colorado are insufficient to establish purposeful direction as required for the exercise of specific personal jurisdiction in a particular state.  See Floyd's 99 Holdings, LLC, 989 F. Supp. 2d at 1207.  To the extent that Liebowitz argues that sale of products on a website accessible in Colorado establishes minimum contacts, the Tenth Circuit is clear that the online sale of products is not sufficient to create a basis for specific personal jurisdiction.  By its nature, the Internet is accessible in every state, "potentially rendering the limits of personal jurisdiction meaningless."  Shrader v. Biddinger, 633 F.3d 1235, 1240 (10th Cir. 2011).

Nor does Defendant's minimal connection to Colorado establish the type of "continuous and systematic" contacts required for a court to exercise general jurisdiction.  See Oaster v. Robertson, 173 F. Supp. 3d 1150, 1163 (D. Colo. 2016) (finding no general personal jurisdiction where plaintiff's complaint contained only conclusory statement that "at all material times, [Defendant] did and continues to do business in Colorado").  The law is clear that the mere transaction of business in the forum state is not sufficient to establish a basis for personal jurisdiction.  See Daimler AG v. Bauman, 571 U.S. 117, 137–38 (2014); Oaster, 173 F. Supp. 3d at 1163.  The Court therefore concludes that Defendant is not subject to personal jurisdiction in the District of Colorado.

**B.    Imposition of Sanctions**

Given that Defendant has little to no connection to Colorado—and that this action did not arise out of those putative connections—the Court rejects the notion that

4

Liebowitz commenced this lawsuit with a legitimate belief that personal jurisdiction existed. Nor does Liebowitz demonstrate any basis in law or fact to conclude that personal jurisdiction exists in this case.

Moreover, as noted in the Court's Order to Show Cause, Liebowitz has committed a litany of other professional offenses, typically based on the same tactic of filing slapdash lawsuits in bad faith. *See, e.g.*, *Mondragon v. Nosrak LLC*, 2020 WL 2395641 (D. Colo. May 11, 2020) (sanctioning Liebowitz and listing his repeated violation of court orders and disregard for personal jurisdiction rules in other cases); *Ward v. Consequence Holdings, Inc.*, 2020 WL 2219070, at *3 (S.D. Ill. May 7, 2020) (sanctioning Liebowitz for filing suit in an improper venue "as a bad faith, frivolous attempt to harass [the defendant]"); *McDermott v. Monday, LLC*, 2018 WL 5312903, at *2 (S.D.N.Y. Oct. 26, 2018) (citing numerous cases where lawsuits filed by Liebowitz have been dismissed, settled, or otherwise disposed of before any merits-based litigation). Liebowitz's pattern of disregard for the rules of jurisdiction and venue, and his repeated disrespect for court orders, further suggest that Liebowitz filed suit in the District of Colorado in bad faith and in an effort to inconvenience Defendant.

Liebowitz's persistent abuse of the judicial process provides additional grounds for the Court to impose sanctions through its inherent authority to do so. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *3–*4 (S.D.N.Y. July 10, 2019) (imposing sanctions on Mr. Liebowitz pursuant to court's inherent powers). As discussed in the Order to Show Cause, requiring Liebowitz to reimburse Defendant's legal fees and costs is an appropriate sanction here. (ECF No. 32 at 8; *see also Goodyear Tire & Rubber v.*

5

*Haeger*, 137 S. Ct. 1178, 1186 (2017) (stating that an assessment of attorneys' fees is a permissible sanction against a party that has engaged in misconduct).) The Court therefore makes its Order to Show Cause absolute and orders that Liebowitz pay Defendant's attorneys' fees and costs. Defendant is directed to submit documentation of its attorneys' fees and costs reasonably incurred in defending this action.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 32) is MADE ABSOLUTE and the Court finds that Plaintiff filed this action in the District of Colorado without a good-faith basis for personal jurisdiction;

2. As a sanction for Liebowitz's vexatious conduct, the Court awards Defendant its reasonable attorneys' fees and costs; and

3. Defendant is DIRECTED to file documentation of its attorneys' fees and costs reasonably incurred in defending this action no later than **April 27, 2021**. This documentation will include, but not be limited to, a demonstration by Defendant that it exercised reasonable billing judgment in preparing this attorneys' fees and costs submission.

Dated this 21st day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge