IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1122-WJM-KLM

JANA DILLON JAMIESON,

    Plaintiff,

v.

HOVEN VISION LLC,

    Defendant.

---

**ORDER AWARDING DEFENDANT ATTORNEYS' FEES**

---

Before the Court is Defendant Hoven Vision's Documentation of Attorneys' Fees. (ECF No. 45.) For the following reasons, the Court awards Defendant attorneys' fees in the amount of $20,536.50.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this action and reproduces only those facts pertinent to the instant ruling.

On December 1, 2020, the Court issued its Order to Show Cause why Plaintiff Jana Jamieson's attorney, Richard Liebowitz, should not be sanctioned for filing the action without a discernable basis for personal jurisdiction over Defendant. (ECF No. 32.) After determining that Liebowitz filed this action without a good-faith basis for personal jurisdiction, the Court made its Order to Show Cause absolute and sanctioned Liebowitz in the form of granting Defendant's reasonable attorneys' fees incurred in

defending this action. (ECF No. 43.) The Court now considers Defendant's submitted documentation of its attorneys' fees. (ECF No. 45.)

## II. LEGAL STANDARD

"When determining the amount of a legal fee award, th[e] Court must provide a concise and clear explanation of the reasons for the award." *Casey v. Williams Production RMT Co.*, 599 F. Supp. 2d 1253, 1254–55 (D. Colo. 2009) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)). "The Court has discretion in calculating the award and the Court's focus should be on the reasonableness of the fees to be awarded." *Id.* at 1255 (citing *Huffman v. Saul Holdings, L.P.*, 262 F.3d 1128, 1134 (10th Cir. 2001)).

The starting point for calculating reasonable attorney's fees is determining the "lodestar amount" – that is, the reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking fees bears the burden of establishing the number of hours expended and the hourly rate." *Casey*, 599 F. Supp. 2d at 1255. "In determining what is a reasonable number of hours, the Court may consider the facts and complexity of the case, strategies used and responses necessitated by opposing parties' legal maneuvering." *Id.* "Regarding the hourly rates charged, the Court should base its award on market evidence of attorney billing rates for similar litigation." *Id.* "Market evidence for lawyers with similar skill and experience in the relevant practice areas will inform the Court's decision on billing rates." *Id.*

### III. ANALYSIS

Defendant seeks attorneys' fees in the amount of $34,227.50. (ECF No. 45 at 2.) This figure represents 51.2 hours expended by three timekeepers: Jonathan Moskin, Coleman Lechner, and Tanya Durham. (ECF Nos. 45-1–45-8.) Mr. Moskin's fee rate is $975 per hour; Mr. Lechner's fee rate is $510 per hour; and Ms. Durham's fee rate is $235 per hour. (ECF No. 45-3 at 5.)

With respect to the reasonableness of the hours expended on this matter, Mr. Moskin states that he delegated most of the responsibility in this case to Mr. Lechner, who bills at a lower fee rate, and that he made efforts to reach a settlement agreement with Plaintiff rather than prolonging the action. (ECF No. 45 at 1–2.) Notably, however, Defendant's counsel do not describe their use of billing judgment—*e.g.*, declining to bill Defendant for minor clerical tasks, deleting certain time entries from their submission to the Court. Rather, they request reimbursement for fees incurred for brief telephone calls, review of e-mails, electronic filing of briefing, and other administrative or even ministerial tasks. (*See* ECF No. 45 at 1–2; ECF No. 45-3 at 4; ECF No. 45-4 at 4, ECF No. 45-6 at 4; ECF No. 45-8 at 4.) For example, Mr. Lechner billed for increments of 0.1 and 0.2 hours for the task of reviewing e-mails between Mr. Moskin and Plaintiff's counsel. (ECF No. 45-2 at 4.) In the absence of evidence that counsel used reasonable billing judgment to winnow hours *actually* expended to hours *reasonably* expended, and given how early into this litigation this action terminated, the Court finds that 51.2 hours is excessive.

In support of the requested fee rates, Defendant attaches an affidavit of Mr. Moskin, stating that he has practiced law for 35 years and has litigated trademark,

3

copyright, and patent cases. (ECF No. 45 at 1.) He practices in New York and states that his fee rate reflects that of attorneys with similar levels of experience in his practice area. (*Id.*) Mr. Moskin does not discuss the qualifications or experience of his colleagues, however.[1] Further, Defendant's counsel do not offer any evidence that their requested fee rates are supported by the prevailing market rates in Colorado for attorneys of similar skill, experience, and reputation. (*See generally* ECF No. 45.) Mr. Moskin discusses only his own qualifications and experience, and nonetheless fails to account for the relevant geographic market. (*Id.* at 1.) Even for an attorney with Mr. Moskin's level of experience, the Court finds that his requested hourly rate of $975 to be excessive, and significantly above the rates for similarly-situated attorneys practicing in the Denver legal market.

In the absence of adequate support for the attorneys' fees requested, a court is authorized in its discretion to reduce the requested fees to an appropriate amount. *See Hensley*, 461 U.S. at 436–37 (explaining that a court may accept or reduce a fee request within its discretion); *Stan Lee Media, Inc. v. Walt Disney Co.*, 2014 WL 3767191, at *4 (D. Colo. July 31, 2014) (reducing attorneys' fees to 50% of amount requested where party failed to provide evidence of prevailing market rates or adequately demonstrate reasonableness of hours expended). As Defendant's counsel has provided conspicuously deficient documentation in support of their excessive fee request, the Court will exercise its discretion and reduce Defendant's requested fee award by 40%, resulting in a total award of $20,536.50.

---

[1] Remarkably, counsel has failed to clarify whether Ms. Durham is an attorney or a paralegal, or her years of experience, further complicating the Court's ability to determine an appropriate fee rate.

## IV. CONCLUSION

For the reasons set forth above, Liebowitz and the Liebowitz Law Firm PLLC, on a joint and several basis, shall pay attorneys' fees in the amount of $20,536.50, made payable to Defendant and delivered to Defendant's attorneys not later than **May 31, 2021**.

Dated this 3rd day of May, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge