**Exhibit 1**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 06 2020

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

IN THE MATTER OF
RICHARD P. LIEBOWITZ

Disciplinary Action No. 20-CC-1

---

ORDER ON RELIEF FROM THE RULE OF GOOD STANDING

---

Before the Disciplinary Panel is the June 22, 2020 "Request for Relief from the Rule of Good Standing" filed by Michael T. McConnell, counsel for Richard P. Liebowitz.

On May 12, 2020, Magistrate Judge N. Reid Neureiter submitted a complaint under D.C.COLO.LAttyR 7(a), alleging that Respondent, Richard P. Liebowitz, violated and continues to violate Colo. RPC.1.1 ("A lawyer shall provide competent representation to a client").[1] An initial investigation of the complaint by the Committee on Conduct led to the discovery that the Northern District of California had entered an "Order of Disbarment" against Mr. Liebowitz. Mr. Liebowitz failed to report his disbarment, a violation of D.C.COLO.LAttyR 4(a)(2).[2] The discovery of the unreported Order of Disbarment triggered an automatic downgrading of the bar status of Mr. Liebowitz to "not in good standing" under D.C.COLO.LAttyR 3(c), effective as of the date the disbarment order was entered, October 7, 2019.[3]

---

[1] The Colorado Rules of Professional Conduct, with exceptions not relevant here, are adopted as standards of professional conduct in the District Court for the District of Colorado under D.C.COLO.LAttyR 2(b).

[2] "If the attorney is suspended or disbarred for any reason by any court, the attorney shall give, no later than 14 days after the date the disciplinary order enters, written notice to the clerk of this court of the terms of discipline, the name and address of the court imposing the discipline, and the effective date of the disciplinary action. An order of suspension or disbarment that is stayed or appealed must be reported." D.C.COLO.LAttyR 4(a)(2).

[3] "An attorney admitted to the bar of this court must remain in good standing in all courts where admitted. In good standing means not suspended or disbarred by any court for any reason. An attorney whose suspension or disbarment has been stayed by order of the disciplining court prior

The Clerk of Court notified each judicial officer of Mr. Liebowitz's lack of good standing by entering an "Advisory Notice to Attorney and Court" in each active case in which Mr. Liebowitz was counsel of record. In each of his twenty-one active cases, counsel for Mr. Liebowitz filed a response to the Clerk's Advisory Notice, arguing that the Order of Disbarment by the Northern District of California was inaptly styled as a disbarment order. However, the only relief available to Mr. Liebowitz from the automatic imposition of the rule of good standing mandated by D.C.COLO.LAttyR 3(c) is contained in D.C.COLO.LAttyR 3(d), which states that an attorney "shall file a request for relief, which shall be referred to the Committee on Conduct." D.C.COLO.LAttyR 3(d)(1). Most of the judicial officers presiding over the active cases in which Mr. Liebowitz was still counsel of record entered an order that Mr. Liebowitz's response to the Advisory Notice "shall be referred to the Committee on Conduct under D.C.COLO.LAttyR 3(d) and D.C.COLO.LAttyR 6(c)."[4] On June 22, 2020, counsel for Mr. Liebowitz filed a Request for Relief from Rule of Good Standing with the Committee on Conduct.

Mr. Liebowitz filed a motion under Fed.R.Civ.P. 60(b) in the Northern District of California to correct or vacate the "Order of Disbarment," arguing that Mr. Liebowitz could not be disbarred from a court in which he had never been a member. On June 12, 2020, the judge who issued the disbarment order, the Honorable James Donato, ruled that "Liebowitz's motion is

---

to the effective date of the suspension or disbarment remains in good standing. An attorney who is not in good standing shall not practice before the bar of this court or continue to be an attorney of record in any pending case…On notice to this court of lack of good standing from the suspending or disbarring jurisdiction, or otherwise, the clerk of this court shall make a notation in the court record of such lack of good standing." D.C.COLO.LAttyR 3(c).

[4] "The Committee shall receive, investigate, consider, and act on…applications for relief from the rule of good standing…." D.C.COLO.LAttyR 6(c).

correct in one sense: he cannot be 'disbarred' from a bar to which he was never admitted in the first place [despite having] falsely held himself out as a member of this Court's bar on multiple occasions." *In the Matter of Richard P. Liebowitz*, 19-mc-80228-JD, Docket Entry 17, p.1. (N.D. Cal. June 12, 2020).

Although the Committee on Conduct under D.C.COLO.LAttyR 6(c) "shall receive, investigate, consider, and act on…applications for relief from the rule of good standing," for reasons of due process, the Disciplinary Panel historically has entered final judgments regarding such relief upon recommendation from the Committee. D.C.COLO.LAttyR 6(a) grants the Disciplinary Panel "jurisdiction over all judicial proceedings involving disbarment, suspension, censure, or <u>other attorney discipline</u>." (emphasis added). Because of the exigencies inherent in the requested relief in this case, the Disciplinary Panel will forgo any further involvement of the Committee and exercise its discretion under D.C.COLO.LAttyR 6(a) to resolve petition for relief from the rule of good standing filed by Mr. Liebowitz. The Disciplinary Panel's exercise of its discretion under D.C.COLO.LAttyR 6(a) has no effect upon the complaint filed by Magistrate Judge Neureiter pending before the Committee.

To prevail on a petition seeking relief from the Rule of Good Standing, Mr. Liebowitz has the burden under D.C.COLO.LAttyR 3(d)(2) to establish by clear and convincing evidence one of the following three factors:

1. That the procedure resulting in the discipline by the court was so lacking in notice or opportunity to be heard as to deny due process;

2. That the application of the rule of good standing would result in grave injustice; or

3. That the kind of misconduct resulting in the original discipline warrants substantially less severe discipline. D.C.COLO.LAttyR 3(d)(2).

Page 3 of 6

D.C.COLO.LAttyR 3(d)(2) embodies the factors set forth in *Selling v. Radford*, 243 U.S. 46, 51 (1917), which requires that this Court conduct an intrinsic review of the underlying records of the disciplining court in light of the factors listed above. *Id.* (federal district court can rely on a state court's judgment unless an intrinsic consideration of the record shows: (1) that due process was lacking in the state procedure because the attorney was denied notice and a fair opportunity to be heard; (2) that there was insufficient proof to support the judgment; or (3) that another grave reason makes reciprocal discipline inconsistent with the principles of justice.).

Counsel for Mr. Liebowitz has not referenced any of the three factors listed in D.C.COLO.LAttyR 3(d)(2). Nevertheless, the Panel concludes that Judge Donato implicitly corrected the Order of Disbarment by stating that Mr. Liebowitz could not be disbarred from a court to which he was never admitted. This statement suggests that there was insufficient proof to support disbarment. The language of the October 7, 2019 disbarment order does not support the "Order of Disbarment" title, given that Judge Donato only ordered Mr. Liebowitz "removed from the membership roll of the bar of this court [and] to disclose these [Order to show Cause] proceedings to any judge in this district before whom Liebowitz has a pending pro hac vice application." Moreover, for disbarment, the local rules for the Northern District of California establish elaborate procedures consistent with due process, involving a referral to either the court's Standing Committee on Professional Conduct or the Chief District Judge. See N.D.Cal. L.R. 11-6(a)-(f).[5] There is no evidence that this procedure was followed. Consequently, it

---

[5] Mr. Liebowitz should nonetheless have reported in October of 2019, the order of disbarment issued by Judge Donato as required by D.C.COLO.LAttyR 4(a)(2). His failure to comply with D.C.COLO.LAttyR 4(a)(2) can be addressed by the Committee on Conduct as part and parcel to its investigation of Magistrate Judge Neureiter's complaint, which alleges a similar pattern of ignoring court procedures and practices.

would result in grave injustice under the second factor listed in D.C.COLO.LAttyR 3(d)(2) to not allow relief from the rule of good standing.[6]

The Panel concludes that Mr. Liebowitz has established, by clear and convincing evidence, that he is entitled to relief from the rule of good standing pursuant to D.C.COLO.LAttyR 3(d)(2).

It is therefore

ORDERED that Mr. Liebowitz's application for relief from the rule of good standing filed under D.C.COLO.LAttyR 3(d) is GRANTED;

It is further ORDERED that the Clerk of Court shall correct the court record to reflect that Mr. Liebowitz is, as of the date of this order, in good standing;

It is further ORDERED that Mr. Liebowitz shall file a notice of entry of appearance in each case in which he seeks to continue as counsel of record and reference this order granting relief from the rule of good standing and seek to withdraw his appearance as an interested party;

It is further ORDERED that Mr. Liebowitz shall provide to the Committee on Conduct, under penalty of perjury, a list of all federal courts and state licensing jurisdictions to which he is or has been admitted as a member of the bar and fully disclose his bar status in each of the courts or jurisdictions listed.

Dated at Denver, Colorado this 6th day of July, 2020.

BY THE DISCIPLINARY PANEL OF THE COURT:

---

[6] Nonetheless, the order was styled as an "Order of Disbarment," and the Clerk of Court was correct to downgrade the bar status of Mr. Liebowitz to "not in good standing" under the self-executing provisions of D.C.COLO.LAttyR 3(c).

_____
Chief Judge Philip A. Brimmer

_____
Judge Christine M. Arguello

_____
Judge William J. Martínez

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

** CERTIFICATE OF SERVICE **

IN THE MATTER OF RICHARD P. LIEBOWITZ            DISCIPLINARY CASE NO. 20-CC-1

A true and correct copy of the Order on Relief from the Rule of Good Standing was served on the Respondent, Richard P. Liebowitz, by depositing the same in the U.S. Mail, postage prepaid, addressed to:

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza
Suite 305
Valley Stream, NY 11580-6111

Michael T. McConnell
Counsel for Richard P. Liebowitz
McConnell Van Pelt LLC
4700 South Syracuse Street
Denver Corporate Center, Tower I
Suite 200
Denver, CO 80237-2710

DATED: July 6, 2020.

JEFFREY P. COLWELL, CLERK

BY _Mark J. Fredrickson_ (signature)
Mark J Fredrickson
Secretary to the Committee on Conduct